UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Criminal Case No. 12-20843

Donald Steven Reynolds,                               Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

In this action, Defendant Donald Steven Reynolds ("Defendant") is charged with three child pornography counts. The matter is currently before the Court on Defendant's Motion to Exclude Expert Testimony Or, In The Alternative, For A *Daubert* Hearing. The parties have briefed the issues and the Court heard oral argument on May 29, 2013. For the reasons set forth below, the Court: 1) shall deny Defendant's request for a *Daubert* hearing; 2) shall deny Defendant's motion to preclude expert testimony without prejudice, ruling that Special Agent Hess's proposed testimony regarding cell site analysis is both relevant and reliable, but that the Government must lay an appropriate foundation before Special Agent Hess may testify at trial.

## BACKGROUND

Defendant is charged with three child pornography counts. The First Superceding Indictment, filed on March 21, 2013, charges Defendant with the following three counts: 1) "18 U.S.C. § 2252A(a)(2) – Receipt of child pornography" (Count I); "18 U.S.C. § 2252A – Distribution of child pornography" (Count Two); and "18 U.S.C. § 2252A(a)(5)(B) – Possession of child pornography" (Count Three). (Indictment, Docket Entry No. 8). Defendant was

1

indicted following the execution of a search warrant at his home.

On May 26, 2011, Federal Bureau of Investigation ("F.B.I.") agents executed a search warrant at Defendant's home on Yorktown Street in Canton, Michigan. During the search, they seized a computer with a hard drive that contains images of child pornography.

At the time of the search, Defendant was present and so were his two adult children, Andrew Reynolds ("Andrew") and Arica Reynolds ("Arica"), who also resided at the home at that time. When interviewed, Defendant, Andrew, and Arica all indicated that they use the computer at issue and that Arica's boyfriend, Michael Cook ("Cook"), occasionally spent the night at the home and used the computer. At trial, the Government seeks to establish that it was Defendant, and not one of the other three individuals who used the computer, who uploaded or downloaded child pornography.

In order to attempt to do so, F.B.I. Computer Forensic Examiner Walker Sharp examined the hard drive and identified seven specific dates and times when child pornography was uploaded or downloaded on the computer during the month of May 2011 ("the Relevant Time Periods"). The F.B.I. then obtained cell phone records for the cell phone numbers that allegedly belong to Defendant, Andrew, Arica, and Cook. The Government wishes to have F.B.I. Special Agent Christopher Hess testify at trial as an expert in historical cell site analysis. It wishes to have him testify that the cell phone that belongs to Defendant had call activity during the Relevant Time Periods that was consistent with the phone being in the general area of the residence on Yorktown in Canton, Michigan, and that the cell phones belonging to Arica, Andrew, and Cook did not have call activity during the Relevant Time Periods that was consistent with those phones being in the general area of the residence.

On April 9, 2013, Defendant filed a "Motion to Preclude Government's Proposed Expert Testimony Or In The Alternative For A *Daubert* Hearing." (Docket Entry No. 35). In this motion, Defendant asks the Court to exclude the Government's proposed expert testimony of Special Agents Caleb E. Williams ("Williams") and Christopher Hess ("Hess") or, in the alternative, to "grant an evidentiary hearing to determine the admissibility of the Government's proposed evidence related to cell-site tracking analysis." (*Id*. at 1). Defendant contends that the Court should preclude the testimony because 1) it is not sufficiently relevant; 2) it is based upon a methodology that is unable to support its stated purpose; and 3) other courts have excluded this type of testimony because it cannot fairly establish an individual's specific location.

The Government filed a response brief opposing this motion. In its response, the Government states that the Government does not intend to present Williams as an expert in historical cell site analysis, although he may be called as a fact witness. (*See* Govt.'s Br. at 5). Thus, the Court need only consider whether to preclude Hess from testifying as an expert at trial. The Government wishes to use him as an expert in the area of cell site analysis.

## ANALYSIS

Defendant's pretrial motion asks this Court to preclude the Government from calling Special Agent Hess as an expert at trial, pursuant to Fed. R. Evid. 702 and *Daubert*, because the proposed testimony is not relevant, it is based upon a methodology that is unable to support its stated purpose, and because other courts have excluded this type of testimony because it cannot fairly establish an individual's specific location.

"District court judges must determine whether an expert's testimony is both relevant and reliable when ruling on its admission." *Clay v. Ford Motor Company*, 215 F.3d 663, 667 (6th

3

Cir. 2000). A trial judge's determinations regarding the admissibility of expert testimony are guided by Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Rule 702 of the Federal Rules of Evidence governs testimony by experts and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under *Daubert,* the trial court acts as a "gatekeeper" that ensures that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert* sets forth a nonexclusive list of factors relevant to this inquiry: 1) whether the theory or technique can be or has been tested; 2) whether it has been subjected to peer review; 3) whether there is a known or potential rate of error; and 4) whether the theory or technique enjoys general acceptance in the relevant scientific community. *Daubert*, 509 U.S at 593-94. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that "the general gatekeeping obligation set forth in *Daubert*" "applies when considering all expert testimony, including testimony based on technical and other specialized knowledge." *Clay v. Ford Motor Co.*, 215 F.3d at 667. "It further held that the specific *Daubert* factors – testing, peer review and publication, potential rate of error, and general acceptance in the relevant community – may be considered by the district

court even when the proffered expert testimony is not scientific." *Id*. Whether these specific factors are reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine. *Id.*

"It is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert,* 509 U.S. at 592 n.10)).

A district court is not obligated to hold a *Daubert* hearing (*see Clay v. Ford Motor Company*, 215 F.3d at 667; *Nelson*, 243 F.3d at 249) and this Court declines to do so here. A *Daubert* hearing is unnecessary in light of the full briefing of the issues by the parties and the evidence submitted to date.

**A.     The Proposed Expert Testimony Is Relevant.**

Defendant first argues that the Government's proposed expert testimony is inadmissible because it is not sufficiently relevant. As to relevance, Defendant makes three arguments. First, he argues that the Government must first establish ownership of the cell phones before any of the proposed testimony is presented. Second, Defendant argues that the testimony is not relevant because the "key issue is whether Donald Reynolds was a person using the computer at the precise time the images were allegedly downloaded" and whether his cell phone was in use in the "general coverage area" of the house is not probative on this issue. Third, Defendant asks the Court to exclude the testimony, under Fed. R. Evid. 403, because the probative value is outweighed by the danger of unfair prejudice. Defendant contends that the expert testimony "could mislead a jury to conclude that the proffered evidence places Donald Reynolds at his residence at the times in question when, by the Government's own admission, it is only

5

consistent with a phone allegedly belonging to Don Reynolds being in the 'general coverage area.'" (*Id*. at 8).

In response, the Government states, at page 12 of its brief, that there is no need for a *Daubert* hearing and that "Agent Hess' testimony can be admitted subject to proper foundation testimony." (Govt.'s Br. at 12).

As to Defendant's second relevance argument, the Government contends that Defendant's physical location is at issue and its proposed expert will provide information that is relevant to that issue:

> The defendant's location is at issue, and Agent Hess' testimony will provide information that is relevant to that issue. As is clear from Agent Hess' report, he will testify regarding the general location of Defendant's cell phone, and will not testify that the phone was located in a specific place. (Exhibit A, p. 18).
> The government will use Agent Hess' conclusions to demonstrate that Defendant's cell phone utilized cell towers that serviced his home during the Relevant Time Periods. The cell phones belonging to the other individuals that had access to the computer (Andrew Reynolds, Arica Reynolds, and Michael Cook) did not utilize cell towers consistent with the Reynolds' residence during the Relevant Time Periods. This conclusion is relevant to the issue before the jury – who downloaded the child pornography on the Defendant's computer – because it demonstrates 1) that Defendant's cell phone made or received calls using cellular telephone towers near his home during the Relevant Time Periods; and 2) the other individuals' cell phone did not utilize these towers, and in fact, utilized towers geographically inconsistent with the Reynolds' residence.

(Govt.'s Br. at 10-11).

As to Defendant's unfair prejudice argument, the Government asserts that "At trial, defense counsel is entitled to argue that the cell phone data is unable to place the Defendant in a precise location; the government concedes this fact." (Govt.'s Br. at 11).

Having considered the parties' respective positions, the Court finds that Special Agent

Hess's proposed expert testimony is relevant.

### 1. The Expert Testimony Is Relevant To Facts Of Consequence.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. P. 401.

The proposed expert testimony is that, during the Relevant Times, call activity from Defendant's cell phone places him in the general area of the house where the illegal activity was occurring and, call activity from the cell phones of the other three individuals who had access to the computer at issue places them in areas away from the house. That testimony is relevant because it makes a fact of consequence in determining the action (whether Defendant was physically present in the house at the times the illegal conduct was occurring) more probable than it would be without the evidence. That testimony is also relevant because it makes another fact of consequence in determining the action (whether the other three individuals who had access to the computer were not present in the house at the times the illegal conduct was occurring) more probable than it would be without the evidence.

Accordingly, the Court finds that Special Agent Hess's specialized knowledge will help the trier of fact to understand the evidence and to determine a fact in issue in this case. At trial, however, a proper foundation will have to be established regarding the cell phones before Special Agent Hess can testify.

### 2. The Court Rejects Defendant's Unfair Prejudice Argument.

Under Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of" unfair prejudice.

Here, Defendant contends that the proposed expert testimony "could mislead a jury to conclude that the proffered evidence places Donald Reynolds at his residence at the times in question when, by the Government's own admission, it is only consistent with a phone allegedly belonging to Don Reynolds being in the 'general coverage area.'" (*Id*. at 8).

As the Government notes, however, "At trial, defense counsel is entitled to argue that the cell phone data is unable to place the Defendant in a precise location; the government concedes this fact." (Govt.'s Br. at 11). The Court rejects Defendant's unfair prejudice argument.

**B.    The Proposed Expert Testimony Is Sufficiently Reliable.**

The Government's Brief indicates that Special Agent Hess has testified as an expert in cell site analysis in over 25 criminal trials, including four cases in this district. Indeed, Defendant does not argue that Special Agent Hess is not qualified as an expert in the area of cell site analysis. Rather, he argues that cell site analysis should not be permitted in this case because it is not sufficiently reliable.

Defendant contends that the Court should preclude Special Agent Hess's testimony because: 1) that testimony is based upon an unreliable methodology for the purpose for which it is offered; and 2) "[h]istorical cell site analysis is inadmissible to establish a specific location." (Def.'s Br. at 4 & 10). Both arguments are premised on the assumption that the Government is going to have Special Agent Hess testify using cell site analysis to opine that Defendant was present at a *specific location* on the Relevant dates. (*See* Def.'s Br. at 13, stating that "the government seeks to introduce expert testimony to place Donald Reynolds at a **specific** location at a **specific** time when someone allegedly committed the crimes charged. In other words, although the technology can only place a mobile device in a **general** location, the government

8

would have this Court permit it to introduce the technology to place Donald Reynolds at a **specific** location.") (bolding in original).

But as the Government's Response Brief makes clear, the Government seeks to have Special Agent Hess "testify regarding the **general location** of Defendant's cell phone, and **will not testify** that the phone was located in a **specific place**." (Govt.'s Br. at 10) (emphasis added).

Testimony about cellular phone technology and the ability to determine the general area where calls are placed and received has been widely accepted by federal courts. *See e.g., United States v. Weathers*, 169 F.3d 336, 339 (6th Cir. 1999); *United States v. Schaffer*, 439 Fed. App'x 344, 347 (5th Cir. 2011); *United States v. Jones*, __ F.2d __, 2013 WL 246615 (D.D.C. 2013); *United States v. Benford*, 2010 WL 2346305 (N.D. Ind. 2010); *United States v. Allums*, 2009 WL 806748 (D. Utah 2009). This Court concludes that Special Agent Hess's proposed testimony is the product of reliable principles and methods and he has reliably applied those principles and methods to the facts of this case.

None of the cases Defendant relies upon support his motion to exclude Special Agent Hess's testimony in this case, where he will only be asked to testify as to the general location of the cell phones.

Moreover, Defense Counsel indicated at the May 29, 2013 hearing that Defendant may call its own expert witness, to challenge the opinions of Special Agent Hess and provide opinion testimony regarding the locations of the cell phones at issue during the Relevant Time Periods. The weight to be afforded any expert witness testimony presented at trial will be determined by the jury.

## CONCLUSION & ORDER

Accordingly, for the reasons set forth above, IT IS ORDERED that Defendant's request

for a *Daubert* hearing is DENIED.

IT IS FURTHER ORDERED that Defendant's motion seeking to preclude expert testimony by Special Agent Hess is DENIED WITHOUT PREJUDICE. The Court hereby RULES that Special Agent Hess's proposed testimony regarding cell site analysis is both relevant and reliable, but that the Government must lay an appropriate foundation before Special Agent Hess may testify at trial.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager