UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.   Case No. 12-20843

Donald Steven Reynolds,   Sean F. Cox
                                                                    United States District Court Judge

    Defendant.
_____/

## ORDER GRANTING
## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Defendant Donald Steven Reynolds ("Defendant") was charged with three child pornography counts. On July 3, 2013, the jury returned guilty verdicts as to all three counts. Defendant is scheduled to be sentenced by this Court on October 30, 2013. The matter is currently before the Court on Defendant's "Emergency Motion For Leave To File A Motion For Reconsideration Of The Court's September 4, 2013 Order And Motion to Adjourn Sentencing." The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument and without awaiting a response from the Government. As explained below, the Court shall grant Defendant's motion to the extent that it shall allow Defendant to file a motion seeking reconsideration of this Court's September 4, 2013 Opinion & Order by October 16, 2013, and it shall adjourn sentencing until November 15, 2013.

1

**PROCEDURAL BACKGROUND**

Defendant was charged with three child pornography counts in this matter. Defendant was represented by retained counsel, attorney John Freeman, beginning on November 30, 2012.

The First Superceding Indictment, filed on March 21, 2013, charged Defendant with the following three counts: 1) "18 U.S.C. § 2252A(a)(2) – Receipt of child pornography" (Count I); "18 U.S.C. § 2252A(a)(2) – Distribution of child pornography" (Count Two); and "18 U.S.C. § 2252A(a)(5)(B) – Possession of child pornography" (Count Three). (First Superseding Indictment, Docket Entry No. 27). A jury trial commenced on June 21, 2013.

On June 25, 2013, Defendant filed a Motion for Judgment of Acquittal, pursuant to Fed. R. Crim. Pro. 29. (Docket Entry No. 73). This Court denied that motion in an Order issued on June 28, 2013. (Docket Entry No. 78).

On July 3, 2013, the jury returned a guilty verdict as to all three counts. Defendant is currently scheduled to be sentenced on October 30, 2013. After the jury delivered its verdict, the Government made an oral motion to detain Defendant pending sentencing. The Court denied that request without prejudice, directing the Government to file a written motion with authority supporting its request.

On July 5, 2013, the Government filed its written Motion To Detain Defendant Pending Sentencing. (Docket Entry No. 87). In addition, on July 17, 2013, Defendant filed: 1) a "Motion Renewing Defendant's Motion For Judgment Of Acquittal" (Docket Entry No. 93); and 2) a Motion for a New Trial (Docket Entry No. 94). On August 3, 2013, Defendant filed a motion seeking to modify his bond address. (Docket Entry No. 104).

After full briefing by the parties and two hearings, on September 4, 2013, this Court: 1)

denied Defendant's Renewed Motion for Judgment of Acquittal; 2) denied Defendant's Motion for New Trial; 3) granted the Government's Motion to Detain Defendant Pending Sentencing; and 4) denied Defendant's Motion To Modify Bond Address.  (Docket Entry No. 106).

On October 7, 2013, this Court entered a Stipulated Order for Substitution of Attorney that provides:

> The parties appeared before this Honorable Court on October 1, 2013, for a scheduled Status Conference at which time a Stipulated Order for Substitution of Counsel was presented; the court after hearing oral argument and being fully advised in the premises;
>
> IT IS ORDERED:
>
> 1. The law firm of KIRSCH & SATAWA, PC, and MARK A. SATAWA, shall represent DONALD STEVEN REYNOLDS, in the place and stead of the LAW OFFICE OF JOHN FREEMAN, PLLC and JOHN FREEMAN, in the above captioned matter.
>
> 2. Defendant's former counsel, Attorney, John Freeman and/or his associate, Sandra Bucciero must assist Mark A. Satawa (defendant's newly retained counsel) in preparing for Sentencing.  This shall include but not limited to assistance in drafting and/or preparing the Sentencing memorandum and any sentencing guideline objections.
>
> 3. Defendant's former counsel, John Freeman and/or his associate, Sandra Bucciero must appear in Court for Defendant's Sentencing.  The sentencing date is currently set for October 30, 2013 at 2:00 p.m.

(Docket Entry No. 108).

On October 8, 2013, Defendant's newly-retained counsel filed an "Emergency Motion For Leave To File A Motion For Reconsideration Of The Court's September 4, 2013 Order And Motion To Adjourn Sentencing." (Docket Entry No. 109).

3

## ANALYSIS

In the pending motion, Defendant's newly-retained counsel asks the Court for leave to file a motion for reconsideration, pursuant to Local Rule 7.1(h), although the time permitted for filing such a motion has already passed. Defense Counsel states that because he was only recently retained, he could not file a motion for reconsideration within Rule 7.1(h)'s fourteen-day period.

The pending motion does not attach Defendant's proposed motion for reconsideration. Nor does Defendant apprise the Court of the basis for the proposed motion for reconsideration, asserting only that the "issues related to the Motion for Reconsideration of the Court's September 4, 2013 Order are significant, and should be addressed prior to the sentencing." (Def.'s Br. at 2).

The Court shall grant Defendant's request for leave to file a motion for reconsideration of this Court's September 4, 2013 Opinion & Order. Nevertheless, in light of Defense Counsel's statement that he was "retained to seek correction of errors" that "occurred in the proceedings" due to ineffective assistance of counsel,[1] this Court reminds Defense Counsel of the *narrow standard* that will be applied to that motion.

Motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases. *See* Eastern District of Michigan, Local Criminal Rule 12.1(a). Local Rule 7.1 states:

> (3) Grounds. Generally, and without restricting the court's discretion, the court

---

[1] *See* Def.'s Br. at 1 ("Attorney Mark Satawa has been retained to seek correction of errors alleged by the Defendant to have occurred in the proceedings primarily due to ineffective assistance of counsel.").

4

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

Thus, to prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect" by which the Court and the parties were misled, but must also show that correcting that defect will result in a different disposition of the case. (*Id*.). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

"A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc*., 177 F.Supp.2d 628, 632 (E.D. Mich. 2001). Moreover, a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion but were not. *Evanston Ins. Co. v. Cogwell Properties, Inc*., 683 F.3d 684, 692 (6th Cir. 2012). In other words, a motion for reconsideration does not provide the movant with an opportunity for a "second bite at the apple." *Id.*

## CONCLUSION & ORDER

For the reasons set forth, **IT IS ORDERED** that Defendant's motion seeking leave to file a motion for reconsideration of this Court's September 4, 2013 Opinion & Order is **GRANTED** to the extent that the Court **ORDERS** that Defendant may file such motion no later than **5:00 p.m. on October 16, 2013**. No further extensions of time shall be granted and Defense Counsel

5

is reminded of the narrow standard that applies to motions for reconsideration. The Court further **ORDERS** that any motion for reconsideration filed by Defendant may not include any other requests or motions within it. No further briefing by any party shall be permitted unless ordered by the Court.

      **IT IS FURTHER ORDERED** that Defendant's sentencing shall be **ADJOURNED** until **November 15, 2013 at 3:00 p.m.**

      **IT IS SO ORDERED.**

                                   S/Sean F. Cox
                                   Sean F. Cox
                                   United States District Judge

Dated: October 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 9, 2013, by electronic and/or ordinary mail.

                                   S/Jennifer McCoy
                                   Case Manager