UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Criminal Case No. 12-20843

Donald Steven Reynolds,                  Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

Defendant was found guilty of child pornography charges and is currently set to be sentenced by this Court on December 18, 2013. There are three motions currently pending, however, that need to be addressed prior to sentencing: 1) Defendant's Motion for Reconsideration (Docket Entry No. 115); 2) Defendant's "Motion To Compel Post-Judgment [sic][1] Discovery" (Docket Entry No. 113); and 3) Attorney John Freeman's motion seeking an order providing that he need not participate further in this action (Docket Entry No. 117). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the above motions will be decided upon the briefs.

For the reasons set forth below, the Court shall: 1) DENY Defendant's Motion for Reconsideration; 2) DENY Defendant's motion seeking to compel post-verdict discovery from

---

[1] Defendant has not yet been sentenced and therefore no judgment has been issued.

the Government; and 3) GRANT attorney John Freeman's request for an order stating that he and his firm need not participate further in this case, in light of Defendant's allegations of his ineffective assistance during trial, even though that will require another adjournment of the sentencing. The Court shall ADJOURN the sentencing until February 19, 2014, order Defendant's current counsel to immediately order (no later than December 30, 2013) any trial transcripts that are needed to prepare for sentencing, and order that sentencing memorandums be filed three weeks prior to sentencing.

## BACKGROUND

Defendant Donald Steven Reynolds ("Defendant") was charged with three child pornography counts. Defendant was represented by retained counsel, attorney John Freeman, beginning on November 30, 2012.

A jury trial commenced on June 21, 2013.

On June 25, 2013, Defendant filed a Motion for Judgment of Acquittal. (Docket Entry No. 73). This Court denied that motion in an Order issued on June 28, 2013. (Docket Entry No. 78).

On July 3, 2013, the jury returned guilty verdicts as to all three counts.

On July 17, 2013, Defendant filed a "Motion Renewing Defendant's Motion For Judgment Of Acquittal" (Docket Entry No. 93) and a Motion for New Trial (Docket Entry No. 94). On September 4, 2013, this Court denied Defendant's Renewed Motion for Judgment of Acquittal and his Motion for New Trial. (Docket Entry No. 106).

Defendant was scheduled to be sentenced by this Court on October 30, 2013.

During a Status Conference held on October 1, 2013, the Court was advised that

Defendant wished to obtain new counsel. On October 7, 2013, a "Stipulated Order For Substitution Of Attorney" (Docket Entry No. 108) was entered that provides, in pertinent part:

> IT IS ORDERED:
>
> 1. The law firm of KIRSCH & SATAWA, PC, and MARK A. SATAWA, shall represent DONALD STEVEN REYNOLDS, in the place and stead of the LAW OFFICE OF JOHN FREEMAN, PLLC and JOHN FREEMAN, in the above captioned matter.
>
> 2. Defendant's former counsel, Attorney, John Freeman and/or his associate, Sandra Bucciero must assist Mark A. Satawa (defendant's newly retained counsel) in preparing for Sentencing. This shall include but not limited to assistance in drafting and/or preparing the Sentencing memorandum and any sentencing guideline objections.
>
> 3. Defendant's former counsel, John Freeman and/or his associate, Sandra Bucciero must appear in Court for Defendant's Sentencing. The sentencing date is currently set for October 30, 2013 at 2:00 p.m.

(*Id.*).

On October 8, 2013, Mr. Satawa filed an "Emergency Motion For Leave To File A Motion For Reconsideration Of The Court's September 4, 2013 Order And Motion to Adjourn Sentencing" (Docket Entry No. 109) on behalf of Defendant.

In an Order issued on October 9, 2013, this Court granted that motion to the extent that it ruled that Defendant could file a motion seeking reconsideration of this Court's September 4, 2013 Opinion & Order no later than October 16, 2013. (Docket Entry No. 110). The Court further ordered that "any motion for reconsideration filed by Defendant may not include any other requests or motions within it." (*Id*. at 6). In that Order, this Court also reminded Defendant of the narrow standard that applies to motions for reconsideration:

> "A motion for reconsideration which presents the same issues already ruled upon

3

> by the court, either expressly or by reasonable implication, will not be granted."
> *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F.Supp.2d 628, 632 (E.D. Mich.
> 2001). Moreover, a motion for reconsideration may not be used to raise issues
> that could have been raised in the previous motion but were not. *Evanston Ins.
> Co. v. Cogwell Properties, Inc*., 683 F.3d 684, 692 (6th Cir. 2012). In other
> words, a motion for reconsideration does not provide the movant with an
> opportunity for a "second bite at the apple." *Id*.

(*Id*. at 5). The Court ordered that "No further briefing by any party shall be permitted unless ordered by the Court." (*Id*. at 6). Finally, the Court adjourned Defendant's sentencing until December 18, 2013.

Thereafter, Mr. Satawa sought, and obtained from this Court, *two additional extensions* for filing the motion for reconsideration. The last extension provided that the motion was to be filed no later than November 13, 2013. (*See* 11/29/13 Docket Entry).

At approximately 3:30 p.m. on November 13, 2013, Mr. Satawa filed "Defendant's Motion for Clarification Or To Expand Issues" (Docket Entry No. 112). In that submission, Defense Counsel stated the general nature of the issue he actually wishes to raise (i.e., ineffective assistance of counsel at trial) and appeared to ask the Court for legal advice or direction as to how he should proceed to raise the issue before this Court.

On November 13, 2013, Mr. Satawa also filed a "Motion to Compel Post-Judgment Discovery." (Docket Entry No. 111). In that motion, Defendant asks the Court to compel post-verdict discovery. The motion states that "[a]s part of litigation of the motion for new trial, Mr. Reynolds has retained a computer forensic expert to analyze the contents" of the computer hard drives seized from Defendant's home. (*Id*. at 2).

In a text-only order issued on November 14, 2013, this Court ordered that the Government may file a response to Defendant's Motion for Reconsideration by December 3,

4

2013.

After reviewing Defendant's Motion for Clarification, this Court concluded that no "clarification" of its November 13, 2013 Order was necessary or appropriate, explaining that "Defense Counsel asked the Court for leave to file a motion seeking reconsideration of this Court's September 4, 2013 Opinion & Order and this Court granted that request. This Court cannot give legal advice to the parties. Defendant's Motion (Docket Entry No. 112) is DENIED." (Docket Entry No. 114). This Court further ruled that Defendant's sentencing would proceed as scheduled on December 18, 2013.

On November 14, 2013, Defendant filed his "Motion for Reconsideration Of The Court's September 4, 2013 Opinion & Order." (Docket Entry No. 115).

On December 3, 2013, the Government filed a response brief opposing Defendant's Motion for Reconsideration.

On December 3, 2013, Attorney John Freeman filed a motion seeking an order modifying the October 7, 2013 Stipulation and Order that provided that he would assist Mr. Satawa with Defendant's sentencing. (Docket Entry No. 117). In that motion, Mr. Freeman states that he wishes to withdraw from his previous stipulation, given that Defendant is now alleging that he provided ineffective assistance during trial. He asserts that in light of the "allegations of ineffective assistance of counsel, [he] believes there is now a conflict of interest prohibiting [his] firm from actively participating in Mr. Reynolds' defense in any capacity. Further participation by [his] firm in any respect of Mr. Reynolds' case could further expose [his] firm to additional allegations of ineffective assistance and adverse collateral consequences. Moreover, additional participation could also provide the defendant with additional fuel to fan the flames of the

5

previously raised ineffective assistance claim." (*Id*. at 3-4). Mr. Freeman states that Defendant's current counsel can review the trial transcript if he needs to know anything else concerning the trial for purposes of sentencing. Mr. Freeman states that while the Government concurred with his motion, Defendant's current counsel would not concur. (*Id*. at 2).

Mr. Satawa filed a response to Mr. Freeman's motion on December 4, 2013. (Docket Entry No. 119). Even though Defendant asserts that Mr. Freeman provided him ineffective assistance of counsel, he opposes this motion. Mr. Satawa asserts that it "would be extremely difficult, perhaps bordering on the impossible, for Defense Counsel to adequately prepare for sentencing, file a sentencing memo, and represent the Defendant at sentencing without one of two things: (1) the assistance of Mr. Freeman, the lawyer who tried the case; or (2) a significant adjournment of the sentencing, so that Defense Counsel *could order* and review the trial transcripts." (*Id*. at 2) (emphasis added). Thus, it appears that Mr. Satawa has not yet even ordered the transcripts that he alleges he would have to review in order to prepare for the December 18, 2013 sentencing.

On December 6, 2013 – without seeking leave to do so and in violation of this Court's October 9, 2013 Order providing that no further briefing would be permitted unless ordered by the Court – Mr. Satawa filed a Reply Brief in support of Defendant's Motion for Reconsideration. (Docket Entry No. 120). In this motion, Defendant raises for the first time the authority that he believes supports his position that he should be able to raise an ineffective assistance of counsel claim after the jury's verdict but prior to sentencing.

6

## ANALYSIS

I.      **The Court Shall Deny Defendant's Motion For Reconsideration.**

For the reasons below, the Court shall deny Defendant's Motion for Reconsideration and decline to address his claim of ineffective assistance of counsel at this juncture.

A.      **Defendant Is Not Actually Seeking Reconsideration Of Any Ruling Contained In This Court's September 4, 2013 Opinion & Order.**

Defendant sought and obtained authorization from this Court to file an untimely[2] motion seeking reconsideration of this Court's September 4, 2013 Opinion & Order, wherein this Court denied: 1) Defendant's Renewed Motion for Judgment of Acquittal; and 2) Defendant's Motion for New Trial.

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 1.1 (providing that the general civil local rules apply to criminal actions) and Eastern District of Michigan. Local Civil Rule 7.1(h)(3). The Local Rules further provide that no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise. Local Civil Rule 7.1(h)(2).

---

[2]Under the applicable Local Rule, a motion for reconsideration must be filed within 14 days after entry of the order at issue. Local Rule 7.1(h)(1). Defendant did not file a motion for reconsideration within 14 days of this Court's September 4, 2013 Opinion & Order.

In addition, as this Court reminded Defendant in its order that granted his request to file an untimely motion for reconsideration:

> [A] motion for reconsideration may not be used to raise issues that could have been raised in the previous motion but were not. *Evanston Ins. Co. v. Cogwell Properties, Inc*., 683 F.3d 684, 692 (6th Cir. 2012). In other words, a motion for reconsideration does not provide the movant with an opportunity for a "second bite at the apple." *Id*.

In his Motion for Reconsideration, Defendant does not assert that there is a palpable defect or error with respect to any of this Court's rulings in its September 4, 2013 Opinion & Order. Rather, his motion appears to ask the Court to grant a new trial based on a ground not previously raised in Defendant's prior motions – the alleged ineffective assistance of trial counsel. But it is well-established that a motion for reconsideration is not the proper vehicle for raising an issue for the first time. *See Dean v. City of Bay City, Michigan*, 239 Fed. App'x. 107,111 (6th Cir. 2007).

### B. This Court Declines To Address Defendant's Ineffective Assistance Of Counsel Claim At This Juncture.

In his unauthorized reply brief, Defendant provides, for the first time, the authority that he believes supports his position that he should be able to raise an ineffective assistance of counsel claim at this time.

Defendant asserts that "[d]espite the fact that a claim of ineffective assistance of counsel is typically a 2255 issue, this Court has great discretion as to the issues it considers in motions for reconsideration" (Reply Br. at 5) and directs the Court to *United States v. Johnson*, 627 F.3d 578 (6th Cir. 2010) and *United States v. Brown*, 623 F.3d 104 (2d Cir. 2010).

In *Brown*, the Second Circuit, as a matter of first impression, held that "when a claim of

8

ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." *Brown*, 623 F.3d at 113.  That case involved a discrete claim of ineffective assistance of counsel – the defendant alleged that his counsel was ineffective for failing to convey to him a 20-year plea offer.  The Second Circuit also held that "the proper procedural avenue for defendants who wish to raise effective assistance claims after conviction but prior to sentencing is a motion for new trial pursuant to Federal Rule of Criminal Procedure 33." *Id.* at 113 n. 5.  Notably, the record that existed before the district court when it declined to address the issue prior to sentencing included that: 1) the prosecutor attested that he had extended the 20-year plea offer to the defendant's counsel; 2) the defendant's counsel equivocated as to whether he had relayed that offer to the defendant. *Id*. at 113-114.  In ruling that the district court should have addressed the ineffective assistance of counsel claim prior to sentencing, the Second Circuit stated that the "facial plausibility" of the defendant's ineffective assistance of counsel claim militated against the district court's decision to postpone addressing the defendant's claim. *Id*.

The Ninth Circuit adopted "the rule in *Brown* that 'when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding.'" *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. Oct. 24, 2013).  The Ninth Circuit concludes "[t]his decision is best left to the discretion of the district court." *Id*. at 897.  The court went on to explain:

> But "[w]e are mindful that district courts face competing consideration in deciding whether it is appropriate to inquire into the merits of [ineffective assistance] claims prior to judgment . . . including the disruption of the proceedings."

*Id.* (quoting *Brown,* 623 F.3d at 113).  It noted that the district court's decision may "depend on

the existence of evidence already in the record indicating ineffective assistance of counsel, or upon the scope of the evidentiary hearing that would be required to fully decide the claim." *Steele*, 733 F.3d at 898.

The Ninth Circuit had "no trouble concluding" that the district court had not abused its discretion in declining to consider the defendant's ineffective assistance of counsel claims prior to imposing sentence. *Id*. at 898. The ineffective assistance of counsel claims were raised by the defendant's new counsel, who raised seven different possible sources of the defendant's trial counsel's ineffectiveness in his motion for a new trial. "Unlike in *Brown*, Steele's claim was broad-based and the evidentiary record to consider it was sorely lacking." *Id.* The Ninth Circuit summarized its ruling affirming the district court's decision as follows:

> The circumstances of Steele's request, including the lack of a significant record necessary to adequately consider his broad-based motion, make plain that the trial court was best suited to decide whether interests of justice and judicial economy would be served by delaying the proceedings to conduct an immediate hearing on an un-developed motion. The district court's ruling was well within its discretion.

*Id*. at 899.

The Sixth Circuit has not adopted the rule set forth in *Brown*. In *Johnson*, a defendant raised an ineffective assistance of counsel claim mid-trial and the district court did not consider or rule on that claim. *United States v. Johnson*, 627 F.3d 578 (6th Cir. 2010). On appeal, the defendant directed the court to *Brown*. The Sixth Circuit said that Johnson's reliance on *Brown* was "misplaced because the ineffective assistance claim in that case was brought to the district court's attention after the defendant has been convicted." *Id*. at 584. The Sixth Circuit neither endorsed nor rejected the *Brown* rule, stating:

> *While we decline to extend our discussion to* all situations where a defendant

> raises a mid-trial claim of ineffective assistance of counsel, or *the situation in Brown where an ineffective assistance claim is raised after conviction but before sentencing*, the district court here did not err in refraining from deciding Johnson's claim.

*Id*. at 585 (emphasis added).  Accordingly, the Sixth Circuit has not adopted the *Brown* rule and this Court is not bound by that decision.

Moreover, even if this Court has the discretion to do so, this Court declines to address an ineffective assistance of counsel claim that is presented in the context of a motion for reconsideration – especially where it is a broad-based claim being asserted on an undeveloped factual record.

### 1. Defendant Did Not File A Motion For New Trial Based On Ineffective Assistance Of Counsel.

The very authority that Defendant relies upon, *Brown*, holds that "the proper procedural avenue for defendants who wish to raise effective assistance claims after conviction but prior to sentencing is a motion for new trial pursuant to Federal Rule of Criminal Procedure 33." *Id.* Defendant's new Counsel is aware of that ruling but nevertheless has not filed a Motion for New Trial alleging ineffective assistance of counsel.

Rule 33 of the Federal Rules of Criminal Procedure governs motions for new trial and provides as follows with respect to the time for filing such motions:

> (b) Time to File.
> 
>   (1) Newly Discovered Evidence.  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case.
>   (2) Other Grounds.  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within

14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33(b). That time period for filing a motion for new trial, based on any ground other than newly discovered evidence, is a jurisdictional limit on the district court's power to act. *United States v. Vincent*, 20 F.3d 229, 237 (6th Cir. 1994). Thus, if Defendant were to file a motion seeking a new trial on any ground other than newly discovered evidence past the 14-day period allowed, this Court would be without jurisdiction to act on it.

This may explain why Mr. Satawa is attempting to raise Defendant's ineffective assistance of counsel claim for the first time via a "motion for reconsideration," rather than filing a separate motion for a new trial based on ineffective assistance of counsel. In other words, it appears that he may be trying to make an end-run around a jurisdictional bar to raising the issue in a second motion for new trial.

### 2. Even If This Court Has The Discretion To Address The Claim Now, It Declines To Do So.

Even if this Court has the discretion to address Defendant's ineffective assistance of counsel claim after verdict but prior to sentencing, in the context of a motion for reconsideration, the Court declines to do so here.

Unlike the rather unique situation presented in *Brown*, the ineffective assistance of counsel claim asserted here is not a discrete claim and the claim is not "facially plausible" based upon the record before the Court.

Rather, like the scenario presented in *Steele,* Defendant's new counsel is asserting a broad-based claim of ineffective assistance of counsel – based on multiple alleged actions or inactions by Mr. Freeman. Moreover, there is not a sufficient existing evidentiary basis to

consider the claim. Indeed, along with his "Motion for Reconsideration," Mr. Satawa filed a motion to compel post-verdict discovery. That motion indicates that Defendant has retained a forensic computer expert and now wishes to have him examine and analyze the hard drives from the three computers that were seized from Defendant's home.

If the Court were to evaluate Defendant's ineffective assistance of counsel claim prior to sentencing, that would likely require the re-opening of discovery, an evidentiary hearing, and then additional briefing by the parties. That would be a significant interruption of the normal course of proceedings.

The Court declines to address Defendant's ineffective of assistance of counsel claim prior to sentencing. Even if this Court has the discretion to address the claim now it declines to do so because it concludes that under the circumstances here the more preferable route for raising and addressing Defendant's ineffective assistance of counsel claim "is in a post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Vincent*, 20 F.3d at 237-38.

## II. Defendant's Motion To Compel Post-Verdict Discovery Shall Be Denied.

Given the Court's ruling above, the Court shall also deny this motion. Defendant has not identified any authority that supports his request for post-verdict discovery at this juncture.

## III. The Court Shall Grant Mr. Freeman's Motion For An Order Allowing Him Not To Participate Further In This Case.

Given that Defendant is now claiming that he provided ineffective assistance of counsel during trial, Mr. Freeman is asking that the Court issue an order allowing him not to participate further in this case. He contends that "[f]urther participation by [his] firm in any respect of Mr. Reynolds' case could further expose [his] firm to additional allegations of ineffective assistance

13

and adverse collateral consequences.  Moreover, additional participation could also provide the defendant with additional fuel to fan the flames of the previously raised ineffective assistance claim."  (*Id*. at 3-4).

The government does not oppose this motion, but Mr. Satawa does oppose it.  Oddly, although he asserts that Mr. Freeman provided constitutionally-deficient representation during trial, Mr. Satawa wishes Mr. Freeman to participate with the Defense for purposes of preparing for sentencing.  He asserts that it "would be extremely difficult, perhaps bordering on the impossible, for Defense Counsel to adequately prepare for sentencing, file a sentencing memo, and represent the Defendant at sentencing without one of two things: (1) the assistance of Mr. Freeman, the lawyer who tried the case; or (2) a significant adjournment of the sentencing, so that Defense Counsel *could order* and review the trial transcripts."  (*Id*. at 2) (emphasis added).

The Court shall grant Mr. Freeman's motion and order that he need not provide further assistance to Defendant in this matter – given that Defendant is alleging that he provided constitutionally-deficient representation during trial.  The Court shall also order Mr. Satawa to immediately order any trial transcripts needed to prepare for Defendant's sentencing and shall adjourn the sentencing until February 19, 2014.

## CONCLUSION & ORDER

IT IS ORDERED that Defendant's Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that Defendant's motion seeking post-verdict discovery is DENIED.

IT IS FURTHER ORDERED that attorney John Freeman's motion is GRANTED and this Court ORDERS that he and his firm are not required to participate further in this action.

IT IS FURTHER ORDERED that Mr. Satawa shall **immediately order (no later than December 30, 2013)** any trial transcripts that are needed to prepare for Defendant's sentencing, which shall take place on **February 19, 2014 at 2:00 p.m.**

IT IS FURTHER ORDERED that the parties shall file their sentencing memorandums **three weeks prior to sentencing (on January 29, 2014).**

IT IS SO ORDERED.

                        S/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated: December 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2013, by electronic and/or ordinary mail.

                        S/Jennifer McCoy
                        Case Manager