UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                               Criminal Case No. 12-20843

Donald Steven Reynolds,                            Sean F. Cox
                                                                 United States District Court Judge

      Defendant.
_____/

**AMENDED[1] MEMORANDUM OPINION**

Following a jury trial, Defendant Donald Steven Reynolds ("Defendant") was convicted of receiving, distributing, and possessing child pornography.

On March 28, 2014, this Court held a sentencing hearing and heard oral argument regarding several of Defendant's Objections to the Presentence Investigation Report and his motion for variance. At the conclusion of the hearing, this Court imposed sentence. The Court now issues this Memorandum Opinion to explain certain of its rulings in writing. As set forth below, and as the Court stated on the record on March 28, 2014, this Court:

1)     rejected Defendant's Constitutional challenge to the number-of-images enhancement set forth in U.S.S.G. § 2G2.2(b)(7);

2)     rejected Defendant's objection that the Court should not use the applicable guidelines, based on criticism of the guidelines as overly harsh, to determine a guidelines range for Defendant. This Court used and applied the 2012 Guidelines, which for all purposes here, are the same as the 2013 Guidelines;

---

[1]The original opinion was amended to change paragraph 6 on page two, to state that the sentences are to be served concurrently.

1

3)    found that a five-level enhancements under U.S.S.G. § 2G2.2(b)(7) applied because the Government established, by a preponderance of the evidence, that Defendant's offense involved more than 600 images of child pornography;

4)    found that a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) applied because the Government established, by a preponderance of the evidence, that Defendant's offense involved material that portrays sadistic or masochistic conduct;

5)    found that the guidelines were therefore scored correctly in the Presentence Report and the applicable guidelines range was 210 months to 262 months;

6)    granted, in part, Defendant's Motion for Variance and imposed a sentence of 144 months on Counts 1 and 2, and 120 months on Count 3, to be served concurrently; and

7)    granted the parties' joint request for a separate restitution hearing, which shall be held on April 18, 2014, at 9:30 a.m.

**BACKGROUND**

Defendant was charged with three child pornography counts in this matter. The First Superceding Indictment, filed on March 21, 2013, charged Defendant with the following three counts: 1) "18 U.S.C. § 2252A(a)(2) – Receipt of child pornography" (Count I); "18 U.S.C. § 2252A(a)(2) – Distribution of child pornography" (Count Two); and "18 U.S.C. § 2252A(a)(5)(B) – Possession of child pornography" (Count Three). (First Superseding Indictment, Docket Entry No. 27).

A jury trial commenced on June 21, 2013. At trial, Defendant was represented by attorney John Freeman.

At trial, the witnesses who testified included F.B.I. Special Agent Ryan Blanton

2

("Blanton") and F.B.I. Computer Forensic Examiner Walker Sharp ("Sharp").

Blanton was the case agent that began and led the investigation.  Blanton testified that while he was working in an undercover capacity on April 7, 2011, he began with an on-line undercover session over a peer-to-peer network.  That is, he directly connected to a computer, saw the files that were being shared by that computer, noted those files he believed were indicative of child pornography by virtue of their title, and downloaded complete image files from the computer.  Those images were presented to the jury as the Government's Exhibits 2 and 3.[2]

Using the computer's IP address, Blanton determined that the computer he had downloaded the images from was located in Defendant's home in Canton, Michigan.  A federal search warrant was obtained and Defendant's home was searched on May 26, 2011. During the execution of the search warrant, Defendant's desktop computer was seized.

Defendant told Blanton on the date of the search that he lived in his home with his adult children, Arica Reynolds and Andrew Reynolds, and that Arica's boyfriend Mike Cook occasionally stayed at his home too.  Defendant told Blanton that he used his desktop computer and that Arica Reynolds, Andrew Reynolds, and Mike Cook also had access to it.  When asked about peer-to-peer software on the computer, Defendant said that he believed Frostwire was installed on it.

Sharp performed a forensic review of Defendant's computer.  That forensic review recovered  more than 8,000 images of child pornography.  Those images recovered from

---

[2]Defendant agreed, at trial, that the images contained in those exhibits is child pornography.

Defendant's computer were admitted at trial as the Government's Exhibit 10.  A small subset of those 8,000 images of child pornography was admitted as the Government's Exhibit 13.  Sharp testified that all those images were recovered from Defendant's computer.

Sharp testified that all of the child pornography images recovered from Defendant's computer were downloaded through a peer-to-peer filing sharing program called Frostwire. Sharp testified that the computer did not contain any images of adult pornography that had been downloaded via Frostwire.

Sharp testified that none of the images of child pornography on the computer were downloaded via an internet browser.  He testified that there were images of adult pornography in the Internet Explorer web history of the computer.

At trial, Defendant's theory of defense was that Defendant did not download the child pornography that was found on his computer and that it must have been downloaded by other persons who has access to it, including: 1) his son Andrew Reynolds; 2) his daughter, Arica Reynolds; and 3) Arica 's boyfriend, Mike Cook.

In order to establish that it was Defendant who downloaded the child pornography on the computer and not others, the Government focused on several specific dates and times when child pornography was downloaded onto the computer and then presented evidence to show that Andrew Reynolds, Arica Reynolds, and Mike Cook were not at or near the home on those dates and times but that Defendant was home.

On July 3, 2013, the jury returned a guilty verdict as to all three counts.  Thus, the jury found Defendant guilty of possessing, receiving, and distributing child pornography.

**Objections To The PSR**

The Government has no objections to the Presentence Investigation Report ("PSR").

Through former and current Defense Counsel, Defendant has raised all of the following

objections to the PSR:

1)  an objection relating to restitution, that restitution is not appropriate in this case (asserted by Mr. Freeman);

2)  an objection to the use of the 2012 Sentencing Guidelines "on policy grounds" because they have been the focus of significant criticism (asserted by Mr. Freeman);

3)  the number-of-images enhancement in U.S.S.G. § 2G2.2(b)(7) is unconstitutional (asserted by Mr. Satawa);

4)  that a 5-level enhancement under number-of-images enhancement is improper because the Government cannot meet its burden of showing that Defendant was responsible for 600 or more images (asserted by both Mr. Freeman and Mr. Satawa); and

5)  that based on the evidence presented at trial, the Government has not proven the guideline enhancement as to sadism and masochistic conduct (U.S.S.G. § 2G2.2(b)(4) (asserted by Mr. Satawa)

(Original PSR, Addendum to PSR, Defense Counsel's 3/4/14 Objs.).

**Defendant's Motion For Sentence Variance**

On March 3, 2014, Defendant filed a "Motion for Sentence Variance" (Docket Entry No.

131), along with a supporting Brief.  (Docket Entry No. 131-1).  In his motion, Defendant asks

the Court to sentence him below the applicable guideline range, to the mandatory minimum of no

more than 60 months incarceration.

**The March 28, 2014 Sentencing Hearing**

At the March 28, 2014 Sentencing Hearing, the Government relied on two of its Trial Exhibits (Trial Exhibit No. 10 and Trial Exhibit No. 13), along with the trial testimony of Agents Blanton and Sharp.

The Defense did not call any witnesses at the Sentencing Hearing and it did not seek to admit any exhibits at the hearing.

## ANALYSIS

**A.**    **This Court Shall Hold A Separate Restitution Hearing On April 18, 2014.**

Defendant made an objection relating to restitution.  The parties agreed, however,  that the Court should address Defendant's objection relating to restitution at a later, separate restitution hearing.  As the Court advised the parties at the March 28, 2014 hearing, the Court shall hold that restitution hearing on April 18, 2014, at 9:30 a..m.

**B.**    **The Court Rejected Defendant's Constitutional Challenge To The Number-Of-Images Enhancement Set Forth In U.S.S.G. § 2G2.2(b)(7).**

In both his Objections to the PSR and in his Sentencing Memorandum, Defendant challenged the number-of-images enhancement contained in U.S.S.G. § 2G2.2(b)(7) as unconstitutional and invalid.  Defendant argues that the promulgation of the enhancement through the United States Code via Congress, rather than through the United States Sentencing Commission, violated the separation of powers doctrine.

The Court rejected this Defendant's constitutional challenge to U.S.S.G. § 2G2.2(b)(7). The Sixth Circuit has already considered, and rejected, this very argument:

6

> Hutchinson criticizes the Guidelines-amendment process that was used to enact the number-of-images enhancement, stating that promulgation of the enhancement through the United States Code, rather than through the United States Sentencing Commission, violated the separation of powers doctrine. But this Court has already determined that the number-of-images enhancement is constitutionally sound. *See United States v. McNerney*, 636 F.3d 772, 775-78 (6th Cir. 2011); *see also United States v. Dattilo*, 442 Fed.Appx. 187, 194 (6th Cir. 2011); *United States v. Lamb*, 431 Fed.Appx. 421, 423 n.1 (6th Cir. 2011).

*United States v. Hutchinson*, 448 F. App'x. 599, 601 (6th Cir. Fed. 1, 2012).

**C.   The Court Rejected Defendant's Public Policy Grounds Objection To Use Of The 2012 Guidelines.**

In objecting to the PSR, Defendant objected to the use of the 2012 Sentencing Guidelines, based on criticism of the guidelines as overly harsh, to determine a guidelines range for Defendant. Notably, the parties agree that, for all purposes here, Defendant's guidelines are scored the same regardless of whether the Court uses the 2012 (in effect at the time of the verdict) or the 2013 Sentencing Guidelines (in effect at the time of sentencing). Defendant's objection is that the Court should not use *either version* of the Guidelines because they have been widely criticized as overly harsh.

The Court rejected Defendant's objection that the Court should not use the applicable guidelines. This Court used and applied the 2012 Guidelines, which for all purposes here, are the same as the 2013 Guidelines.

**D.   The Number-Of-Images Enhancement Applied.**

Section 2G2.2 of the United States Sentencing Guidelines "instructs a district court to increase the base offense level by five levels '[i]f the offense involved 600 or more images.'" *United States v. Keefer*, 490 F. App'x. 797, 799 (6th Cir. 2012) (quoting U.S.S.G. §

2G2.2(b)(7)(D).  "Whether an offense 'involves' the requisite umber of images is determined by looking to the defendant's relevant conduct under U.S.S.G. § 1B1.3."  *Keefer*, 490 F. App'x. at 799.

At trial, in order to establish that it was Defendant who downloaded the child pornography on the computer and not others, the Government focused on several specific dates and times when child pornography was downloaded onto the computer and then presented evidence to show that Andrew Reynolds, Arica Reynolds, and Mike Cook were not at the home at those dates and times.  The Government presented evidence regarding the cell phone records of Defendant and the others, and other evidence, in order to establish that it could not have been Andrew Reynolds, Arica Reynolds, or Mike Cook who downloaded the child pornography at those dates and times because they were far away from the home and therefore not behind the keyboard downloading the child pornography.

In his filings, Defendant takes the position that in order for the number-of-images enhancement to apply, the Government must submit evidence to show that it was Defendant, and not someone else, who was responsible for downloading each and every image of child pornography on his computer.  In other words, Defendant appears to take the position that the Government must eliminate the possibility that it was someone else who downloaded the images that were downloaded on the other dates and times that were not the focus of the Government's case at trial.  Defendant has presented no authority to support that position.

To apply this enhancement here, the Government must only show, by a preponderance of the evidence, that at some point Defendant knowingly possessed, received, or distributed each of the 600 more images.  *United States v. Keefer*, 405 F. App'x. 955, 958 (2010).

8

The Government contends that it has met its burden through the trial testimony of Blanton and Sharp, and through the Government's Trial Exhibits 10 and 13, that contain copies of the images. The Court agrees.

Trial Courts have wide discretion in considering evidence submitted at sentencing. *United States v. Silverman*, 976 F.2d 1501, 1508 (6th Cir. 1992).

In *United States v. Wright*, the trial court imposed this enhancement over the defendant's objection. *United States. v. Wright*, 464 F. App'x. 475 (6th Cir. 2012). On appeal, the defendant argued there was insufficient evidence to support the 600-image sentencing enhancement. The Sixth Circuit rejected that challenge, nothing that a detective "testified about the images at both trial and sentencing, and created a written report regarding all 340 of the images" and that the "district court founds at sentencing: 'I'm satisfied based on the testimony that we have received today and [the detective's] characterization of the images both today and earlier on during the course of the case in chief that his characterization and number of images conservatively satisfy the guideline qualification for the number of images exceeding 600." *Id*. 481-82. The Sixth Circuit further stated:

> Defendant has not shown how the district court's factual finding is erroneous. He claims the district court did not "view[ ] or count [ ] any, let alone more than 600 images." But, in fact, the district judge responded to this argument at sentencing by saying "I've also been present during the presentation of the images and the gentleman's earlier testimony." *Id.* So the district court did view some of the still images, even if it did not view all 340 of them. And the district court was entitled to based its fact-finding regarding the remaining images on Detective Pitt's written reports and oral testimony regarding the images. *See United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009) (allowing the district court to base a 600-image enhancement on an agent's testimony regarding the images.). Thus, the district court did not clearly err in finding that the images constituted child pornography, nor did the court abuse its discretion in applying the enhancement.

*Id*. at 482.

Here, Defendant does not dispute that the images found on the computer constitute child pornography as defined in the applicable statute.  Moreover, the Government submitted its Trial Exhibits 10 (which contains all of the images) and 13 (a subset of especially abhorrent images) at the Sentencing Hearing. The Court finds that the images recovered from Defendant's computer constitute child pornography.

Moreover, this Court finds that the Government has established, by a preponderance of the evidence, that Defendant possessed, received, or distributed each of the more than 8,000 images found on his computer.

At trial, Blanton testified that he was working in an undercover capacity on April 7, 2011. He began with an on-line undercover session over a peer-to-peer network.  That is, he directly connected to a computer, saw the files that were being shared by that computer, noted those file he believed were indicative of child pornography, and downloaded complete image files from the computer.  Those images were presented to the jury as Government's Exhibits 2 and 3. Defendant agreed that the images contained in those exhibits is child pornography.

Using the computer's IP address, Blanton then determined that the computer he had downloaded the images from was located in Defendant's home in Canton, Michigan.  A federal search warrant was obtained and Defendant's home was searched on May 26, 2011. During the execution of the search warrant, Defendant's desktop computer was seized.

Defendant told Blanton on the date of the search that he lived in the home with his adult children, Arica Reynolds and Andrew Reynolds, and that Arica's boyfriend Mike Cook occasionally stayed at the home too.  Defendant told Blanton that he used his desktop computer

and that Arica Reynolds, Andrew Reynolds, and Mike Cook also had access to it.  When asked about peer-to-peer software on the computer, Defendant said that he believed Frostwire was installed on it.

Sharp testified at trial that he performed a forensic review of Defendant's computer.  That forensic review recovered  more than 8,000 images of child pornography.  Those images recovered from Defendant's computer were admitted at trial as the Government's Exhibit 10.

A small subset of those 8,000 images of child pornography was admitted as the Government's Exhibit 13.  Sharp testified that those images were recovered from Defendant's computer.

Sharp testified that all of the child pornography images recovered from Defendant's computer were downloaded through a peer-to-peer filing sharing program called Frostwire.  Sharp testified that the computer did not contain any images of adult pornography that had been downloaded via Frostwire.

Sharp testified that none of the images of child pornography on the computer were downloaded via an internet browser.  He testified that there were images of adult pornography in the Internet Explorer web history of the computer.

In order to establish that it was Defendant who downloaded the child pornography on the computer, and not others, the Government focused on several specific dates and times when child pornography was downloaded onto the computer and then presented evidence to show that Andrew Reynolds, Arica Reynolds, and Mike Cook were not at or near the home at those dates and times but that Defendant was home.

Considering the above testimony, this Court found that, by a preponderance of the

11

evidence, Defendant knowingly possessed, received, or distributed each of more than 600 images

of child pornography that were found on his computer.[3]

**D.      The Enhancement For Images That Portray Sadistic Conduct Applied.**

Section 2G2.2 of the United States Sentencing Guidelines instructs a district court to

increase the base offense level by four levels ""[i]f the offense involved material that portrays

sadistic or masochistic conduct or other depictions of violence."  U.S.S.G. § 2G2.2(b)(4).  The

Application Notes state that, with respect to this enhancement, it "applies if the offense involved

material that portrays sadistic or masochistic conduct or other depictions of violence, regardless

of whether the defendant specifically intended to possess, access with intent to view, receive, or

distribute such materials."  Application Note 2 to U.S.S.G. § 2G2.2.

Notably, the Sixth Circuit has held that "penetration of a prepubescent child by an adult

male constitutes inherently sadistic conduct" that justified the application of this enhancement.

*United States v. Groenendal*, 557 F.3d 419, 426 (6th Cir. 2009).

Here, the Government Trial Exhibit No. 13 contains a subset of images recovered from

Defendant's computer.  At least one image in that subset is an image depicting penetration of a

prepubescent child by an adult male.  As such, the Court found that his enhancement should also

---

[3]The Defense did not present any witnesses, or submit any exhibits, at the Sentencing Hearing.  The Court notes, however, that Defendant's filings referenced an Affidavit from a private investigator.  Defendant's reliance upon the Affidavit of private investigator Marty Bugby would not change the Court's determination, even if it had been admitted at the Sentencing Hearing.  While both Andrew Reynolds and Mike Cook admitted that they used Defendant's computer to look at adult pornography, and could have accidently accessed an image that is considered child pornography, they did so via internet browsers – not through Frostwire.  Thus, there was no credible evidence, either at trial or at the Sentencing Hearing, that either Andrew Reynolds or Mike Cook are responsible for any of the images of child pornography that were recovered from Defendant's computer.

be applied.

**E.     The Court Rejected Defendants Objections Regarding Total Scoring**

As set forth above, the Court found that both of the enhancements challenged by

Defendant apply.  As such, the guidelines scoring in the PSR is correct and the Court rejected

Defendant's various proposed alternative scorings.

**F.     The Court Granted, In Part, Defendant's Motion For Variance And Imposed A
Sentence Of 144 Months On Counts 1 & 2, And 120 Months On Count 3, To Run
Concurrently.**

On March 3, 2014, Defendant filed a "Motion for Sentence Variance" (Docket Entry No.

131), along with a supporting Brief.  (Docket Entry No. 131-1).  In his motion, Defendant asked

the Court to sentence him below the applicable guideline range, to the mandatory minimum of no

more than 60 months incarceration.

The Government opposed the motion and asked the Court to impose a sentence within the

guidelines range.

Defendant's advisory guideline range is 210 months to 262 months imprisonment.

As explained on the record on March 28, 2014, this Court granted Defendant's Motion

for Variance in part and sentenced Defendant to a term of imprisonment of 144 months

imprisonment on Counts 1 & 2, and 120 months on Count 3, to run concurrently.  This Court

granted that motion because, in consideration of the § 3553(a) factors, including Defendant's age

and lack of criminal history, this Court concludes that sentence is sufficient, but not greater than

necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 1, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                Criminal Case No. 12-20843

Donald Steven Reynolds,          Sean F. Cox
                                    United States District Court Judge

      Defendant.
_____/

PROOF OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record

on April 1, 2014, by electronic and/or ordinary mail.

                           S/Jennifer McCoy
                           Case Manager