UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 12-20843

Donald Steven Reynolds,         Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

Defendant Donald Steven Reynolds was convicted of child pornography offenses following a jury trial and his conviction and sentence were affirmed on direct appeal. The matter is currently before the Court on Reynolds's *pro se*: 1) motion for a new trial, based on newly discovered evidence; 2) his request to hold that motion in abeyance while he continues to search for additional evidence that could support a motion for a new trial; and his 3) motion for grand jury transcripts. The Court declines to hold a hearing on the motions. For the reasons set forth below, Reynolds's motion for new trial and motion to hold that motion in abeyance are denied and his motion for grand jury transcripts is denied without prejudice.

## BACKGROUND

In this criminal action, Reynolds was charged with child pornography offenses. Reynolds was represented by retained counsel, attorney John Freeman, at trial. Reynolds proceeded to a jury trial and the jury ultimately convicted him of three counts of violating federal child-pornography law. The guilty verdicts were rendered on July 3, 2013.

Reynolds filed a direct appeal and was represented by attorney Mark Satawa in

1

connection with the appeal. On September 11, 2015, Reynolds's conviction and sentence were affirmed. *United States v. Reynolds*, 626 F. App'x 610 (6th Cir. Sept. 11, 2015).

Acting *pro se*, on July 6, 2016, Reynolds filed: 1) a "Motion In Request Of A New Trial" (Docket Entry No. 178); 2) a"Motion Requesting The Court Hold Defendant's Rule 33 Motion In Abeyance" (Docket Entry No. 179); and 3) a "Request For Grand Jury Transcripts" (Docket Entry No. 180).

The Government filed a brief, that responds in opposition to all three motions, on August 15, 2016. (Docket Entry No. 182).

## ANALYSIS

Reynolds brings his motion seeking a new trial pursuant to Fed. R. Crim. P. 33(b)(1), based upon newly-discovered evidence. Rule 33 requires a motion for new trial based upon "newly discovered evidence" to be "filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. (b)(1).

Although Reynolds's motion was not filed until July 6, 2016 (more than three years after the July 3, 2013 guilty verdict), the Court will presume the motion was timely filed because it was dated July 1, 2016, and Reynolds contends that he placed it in the mail on that date.

The decision to grant or deny a motion for new trial rests within the district court's sound discretion. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Moreover, "motions for a new trial based on newly discovered evidence should be granted with caution" and the defendant bears the burden of showing that a new trial should be granted. *Id*. As the Sixth Circuit has explained:

Although the plain language of Rule 33's text requires the evidence to be newly

2

>  discovered, courts have narrowly construed the rule by placing limitations on the new evidence that may warrant the grant of a motion for new trial. The defendant must establish the following: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal.

*Id.* (citations omitted).

The first prong of the test "requires the newly discovered evidence to be evidence not known by the defendant at the time of trial." *Id.* In other words, "'[n]ewly discovered evidence', in the context of Rule 33 is not evidence that was within the defendant's knowledge at the time of trial." *United States v. Anderson*, 84 F. App'x 575, 576 (6th Cir. 2003).

In his motion, Reynolds identifies the "newly discovered evidence" that forms the basis of his motion as: 1) work records relating to his son Andrew, *that the Government introduced at trial*; and 2) an affidavit from his son Andrew, that Reynolds recently obtained, wherein Andrew states that those work records presented at trial are not accurate. Reynolds also asks the Court to hold his motion for new trial in abeyance, for some unspecified period of time, while he reviews discovery and trial materials that he has obtained from his counsel, so that Reynolds can attempt to identify some other evidence that may warrant a new trial.

The Court shall deny the motion to hold the motion for new trial in abeyance and shall deny the motion for new trial, based on newly-discovered evidence, for lack of merit.

Because the work records at issue were introduced at trial, they cannot constitute new evidence that was discovered after trial. Moreover, Reynolds's son Andrew, who lived with Reynolds and was present at trial, was identified as a witness on Reynolds's witness list. As a matter of strategy, however, Reynolds ultimately chose not to call Andrew as a witness at trial. Thus, any testimony from Andrew that the work records presented at trial were not accurate

3

could have been discovered by Reynolds earlier with due diligence.

Accordingly, Reynolds's motion seeking a new trial based on newly-discovered evidence shall be denied.

The Court shall also deny Reynolds's request for grand jury transcripts without prejudice. The Government asserts, and Reynolds has not disputed, that all grand jury transcripts were provided to Reynolds's trial counsel.

Finally, this Court declines to construe Reynolds's Motion for New Trial as a motion to vacate under 28 U.S.C. § 2255 because Reynolds's other filings appear to indicate that Reynolds intends on filing a separate motion under 28 U.S.C. § 2255. (*See* Docket Entry No. 180 at Pg ID 3757, filed on the same date as his motion for new trial, and referencing Reynolds's "forthcoming collateral attack under 28 U.S.C. § 2255.").

## CONCLUSION & ORDER

IT IS ORDERED that: 1) Reynolds's motion to hold his motion for new trial in abeyance is denied; 2) his motion for new trial, based on newly-discovered evidence, is denied for lack of merit; and 3) his motion for grand jury transcripts is denied without prejudice.

IT IS SO ORDERED.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: September 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2016, by electronic and/or ordinary mail.

             S/Shawna C. Burns
             Case Manager Generalist