UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff/Respondent,

                            Civil Case No. 18-13104
v.                              Criminal Case No.  12-20843

Donald Steven Reynolds,        Sean F. Cox
                                  United States District Court Judge

      Defendant/Petitioner.
_____/

## OPINION & ORDER

Defendant/Petitioner Donald Steven Reynolds ("Reynolds") was convicted of child pornography offenses following a jury trial.  His conviction and sentence were affirmed on direct appeal, as was this Court's denial of Reynolds's post-appeal motion seeking a new trial.  The matter is currently before the Court on Reynolds's *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" and related motions. For the reasons set forth below, the Court denies that motion, and the related motions, and declines to issue a certificate of appealability.

## BACKGROUND

This criminal action against Reynolds followed an undercover investigation by the Federal Bureau of Investigations ("F.B.I."):

> On April 7, 2011, undercover Federal Bureau of Investigations (FBI) Special
> Agent Ryan Blanton used a peer-to-peer file-sharing program to download images
> containing child pornography from a computer. The FBI traced the computer's
> internet-protocol address to Donald Reynolds's home in Canton, Michigan. On
> May 26, 2011, FBI agents executed a search warrant on the home and seized the
> desktop computer from which Blanton had downloaded the child-pornography

1

images. In addition to Donald Reynolds, three other individuals regularly used that computer: Reynolds's two adult children who lived with him—Arica and Andrew Reynolds—and Arica's boyfriend, Michael Cook. All four individuals denied using the computer to view, download, or distribute child pornography. Reynolds admitted that he owned the computer and that he had an account at Match.com, an online dating service.

FBI computer forensic examiner Walker Sharp found on the computer's hard drive over 8,000 child-pornography images that had been downloaded through a peer-to-peer file-sharing program. Sharp identified the following periods in May 2011 during which a user downloaded child pornography onto the computer.

• May 6, 2011 between 5:08 PM and 6:07 PM

• May 12, 2011 between 5:55 PM and 10:56 PM

• May 13, 2011 between 7:01 PM and 7:46 PM

• May 18, 2011 at approximately 2:24 PM

• May 23, 2011 between 9:42 PM and 10:23 PM

• May 24, 2011 between 7:01 AM and 7:40 AM and at 5:05 PM

• May 25, 2011 between 4:50 PM and 5:59 PM

The FBI analyzed cellphone records and concluded that, during the relevant download periods, Andrew, Arica, and Cook each had their cellphone activity that used cell towers that were geographically inconsistent with their being located at Reynolds's residence. In contrast, Reynolds made cellphone calls that used cell towers that were consistent with his being at his residence during the download periods. In addition to the cellphone evidence, Andrew was at work during four of the child- pornography download periods, and Arica and Cook were not present at the home during the May 25 download period. There was also activity through Reynolds's Match.com account on the computer during or near several child-pornography downloads periods.

*United States v. Reynolds*, 626 F. App'x 610, 612-13 (6th Cir. 2015).

"The government charged Reynolds with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(2); one count of distribution of child pornography based on sharing files with Agent Blanton on April 7, 2011, in violation of the same statute; and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(5)(B)." *Id.* at 613.

Reynolds proceeded to a jury trial. At trial, Reynolds was represented by his retained counsel, attorney John Freeman. The jury ultimately convicted Reynolds on all three counts.

This Court applied a sentence enhancement under the advisory guidelines for possession of over 600 child-pornography images and sentenced Reynolds to 144 months of imprisonment. This Court also ordered Reynolds to pay a total of $26,500 in restitution to two identified child-pornography victims.

Reynolds filed a direct appeal, arguing that this Court erred in 1) admitting expert testimony at trial based on historical cell-site data; 2) permitting the government to call a rebuttal witness; 3) excluding two alibi witnesses (James Reynolds and Larry Bullock); 4) imposing a sentence enhancement; and 5) calculating the amount in restitution. The United States Court of Appeals for the Sixth Circuit rejected all of those arguments and affirmed. *United States v. Reynolds*, 626 F. App'x 610, 612-13 (6th Cir. 2015). Reynolds filed a petition for a writ of certiorari with the United States Supreme Court.

On July 6, 2016, Reynolds filed a *pro se* Motion for New Trial, based on newly discovered evidence. (ECF No. 178). He also requested that this Court hold that motion in abeyance while he continues to search for new evidence that could support a motion for a new trial and filed a motion seeking grand jury transcripts. This Court denied that motion, and the related requests, in an Opinion and Order issued on September 2, 2016. (ECF No. 183). After this Court denied an untimely request to file a reply brief, Reynolds filed several reply briefs in violation of the Court's order, that were stricken by this Court.

Reynolds appealed those rulings. The United States Court of Appeals for the Sixth Circuit affirmed all of this Court's rulings. *United States v. Reynolds*, Case No. 16-2466 (6th

Cir. June 28, 2017) (ECF No. 196). Among other things, the Sixth Circuit noted that this Court acted within its discretion when it "denied Reynolds's untimely motion to extend the time to file a reply brief and struck the reply briefs that Reynolds filed in violation of that order. *See United States v. Galaviz*, 645 F.3d 347, 363 (6th Cir. 2011)." *Id.* at 3.

On October 3, 2017, the United States Supreme Court issued an order denying Reynolds's petition for a writ of certiorari as to his direct appeal (Case No. 14-1420). (ECF No. 198).

On September 28, 2018, Reynolds filed a form "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (ECF No. 199 at Page ID 3890-3900) wherein he asserted the following four grounds for relief:

> Ground One: "Mr. Reynolds' Right To Due Process Was Violated Where The Prosecution Knowingly Presented False Testimony."

> Ground Two: "Mr. Reynolds' Right To Due Process Was Violated Where The Prosecutor's Comments On Facts Not In Evidence Coupled With The Misrepresentation Of The Evidence Deprived Him Of A Fair Trial."

> Ground Three: "Mr. Reynolds Was Denied A Fair Trial, Where Counsel Rendered Ineffective Assistance Of Counsel By Failing To Adequately Investigate The Law And Facts Of The Case To Prepare A Viable Defense."

> Ground Four: "Mr. Reynolds Was Deprived A Fair Trial, Where Counsel Abandoned His Loyalty To Reynolds, And Entirely Failed To Subject The Government's Case To Meaningful Adversarial Testing."

(ECF No. 199 at Page ID 3890-3900). Along with his form § 2255 Motion, Reynolds filed a supporting brief, that he titled "Addendum to 2255 Motion,' that consisted of seventy-six typewritten pages, with 12-point font.

Thereafter, the Government filed a motion asking the Court to strike Reynolds's over-sized brief and order him to file a brief of no more than twenty-five pages in length, in

compliance with the applicable local rules.  (ECF No. 203).

Pursuant to *Martinez v. United States*, 865 F.3d 842 (6th Cir. 2017) and Local Rule 7.1, this Court granted that motion in an order issued on January 15, 2019.  This Court ordered, in pertinent part, that

> 2)  No later than **March 15, 2019**, in support of the four grounds for relief set forth in his pending form § 2255 motion, Reynolds may file either:
>
> > A)  A brief of no more than twenty-five (25) pages, doubled-spaced, with 14-point font; or
> >
> > B)  A brief of no more than twenty (20) pages, doubled-spaced, with 12-point font.[1]

(ECF No. 207) (bolding in original).

Rather than comply with the Court's straightforward order and file a brief in compliance with the page limitations, over the course of several months, Reynolds continued to insist that he be allowed to file his 76-page brief.

On February 8, 2019, Reynolds filed a Motion for Reconsideration.  (ECF No. 208).  In that motion, Reynolds asked this Court to reconsider its ruling on the Government's Motion to Strike and allow him to proceed with his over-sized § 2255 brief.  Reynolds further asserted that while his form § 2255 motion only contained the four grounds for relief noted in this Court's order, his brief (that was stricken) raised two additional issues: 1) that he "is entitled to resentencing where counsel rendered ineffective assistance at the sentencing stage of the proceedings;" and 2) the "restitution judgment is infirm and must be vacated as a matter of law." (ECF No. 208 at PageID 4068).

---

[1] The Court is giving Reynolds this option as a courtesy, in the event the typewriter he has access to does not have 14-point font.

After considering that Motion for Reconsideration, this Court **"DENIE[D] WITH PREJUDICE** Reynolds's request to allow him to proceed with his over-sized brief." (ECF No. 209) (bolding in original). Nevertheless, in an effort to accommodate Reynolds, the Court further ordered that "If Reynolds wishes to include the two additional issues set forth above, he may do so in his brief. But **Reynolds's must file a brief in accordance with the page limitations set forth in this Court's January 15, 2019 Order."** (ECF No. 209) (bolding in original).

On February 26, 2019, Reynolds filed a motion seeking reconsideration of this Court's order denying his February 8, 2019 Motion for Reconsideration. (ECF No. 210). This Court denied that motion, stating:

> The Court hereby **DENIES** this motion for lack of merit. **The Court's February 12, 2019 Order Denying Reynolds's Motion for Reconsideration (ECF No. 209) stands as written. Petitioner is advised that the Court will not consider any additional motions seeking reconsideration of the Court's rulings on the length of Petitioner's brief.**
> In addition, to the extent that Reynolds's February 26, 2019 motion asks this Court to "certify the matter for interlocutory appeal to the Sixth Circuit Court of Appeals," that request is also **DENIED**.
> **IT IS SO ORDERED.**

(ECF No. 211).

Thereafter, Reynolds filed a Notice of Appeal, purporting to appeal this Court's orders on his motions for reconsideration. (ECF No. 212). On April 23, 2019, the Sixth Circuit issued an Order dismissing that appeal for lack of jurisdiction. (ECF No. 214).

As of May 21, 2019, Reynolds still had not filed a page-compliant brief in support of his § 2255 motion. Attempting to give Reynolds one last chance to file a compliant brief, this Court issued an Order on that date stating:

> To date, Reynolds has not filed a supporting brief in compliance with this Court's orders. **The Court hereby ORDERS that Reynolds must do so no**

**later than June 6, 2019.** If Reynolds fails to do so, the Court will order the Government to file a response based upon Reynolds's form § 2255 motion. **Reynolds is further advised that the Court will not entertain any additional motions seeking an extension of time for filing his brief, or any motions seeking to file an over-sized brief.**

> **IT IS SO ORDERED.**

(ECF No. 215) (bolding in original).

After the extended deadline of June 6, 2019 passed without Reynolds filing a compliant brief, on August 30, 2019, this Court ordered, in pertinent part, as follows:

> Reynolds has not filed a supporting brief in compliance with the Court's orders and the time for doing so has long since passed. Accordingly, given that this Court struck Reynolds's over-sized brief, and Reynolds chose not to file a compliant supporting brief, this Court now **ORDERS** as follows:

> 1) No later than **October 15, 2019**, the Government shall file a brief **responding to Reynolds's form § 2255 motion**. That brief must be no more than twenty-five (25) pages, doubled-spaced, with 14-point font;

(ECF No. 216) (bolding in original).

The Government filed a timely and compliant brief opposing the relief requested by Reynolds.

In violation of this Court's orders, and without seeking leave to do so, Reynolds filed "amended" § 2255 motions, that raised the same grounds for relief as stated in Reynold's original motion, that were blatant attempts to circumvent this Court's orders regarding briefing. This Court struck those filings and denied Reynolds's motion asking the Court to take judicial notice of his right to file those submissions.

In November and December of 2019, Reynolds filed three more motions: 1) a Motion for Expansion of Record (ECF No. 224) wherein Reynolds asks the Court to consider all of the exhibits to his already-stricken filings; 2) a motion seeking leave to take discovery (ECF No.

225); and 3) a motion seeking reconsideration of this Court's order striking Reynolds's

unauthorized filings (ECF No. 226).

## ANALYSIS

**I.    The Court Denies Reynolds's Motion For Expansion Of Record And His Latest Motion For Reconsideration.**

The Court shall deny Reynolds's motion for expansion of record (that asks the Court to

consider prior exhibits that were already stricken from the record) and his latest motion for

reconsideration.  This Court continues to believe that its orders were appropriate and warranted

given Reynolds's continued failure to abide the Court's orders.

**II.    The Court Denies Reynolds's Untimely Request For Leave To Conduct Discovery.**

As explained more fully in Section III of this Opinion & Order, Reynolds filed a § 2255

motion asserting four grounds for relief.  Despite the opportunity to file a compliant brief in

support of his motion, Reynolds declined to do so, leaving him with the allegations in his form

§ 2255 motion as his habeas petition.  That petition lacks sufficient factual allegations to warrant

a hearing or any relief from this Court.

After briefing as to Reynolds' opening petition had closed, and after the Government had

filed its response in opposition to the petition, Reynolds filed an untimely motion seeking leave

to conduct discovery.  The Court denies that motion as untimely and unwarranted by virtue of

the factually-deficient habeas petition filed in this matter.  In other words, the Court concludes

that "good cause" does not exist to grant Reynolds leave to conduct discovery in this matter.

**III.    The Court Denies Reynolds's § 2255 Motion.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence

was imposed in violation of the Constitution or laws of the United States, that the court was

without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003).

It is well established that when a defendant files a section 2255 motion, he must set forth specific facts in his motion establishing entitlement to relief.  *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (noting that where "the petition supplied no factual material" upon which to test the claims, "[s]uch a pleading does not call for an evidentiary hearing."); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing.").  Reynolds has failed to do so here.

Notably, the Court is reviewing Reynolds's form § 2255 motion, without the benefit of a supporting brief that further explains the alleged factual bases of his stated grounds for relief. The Court acknowledges that, as a practical matter, consideration of Reynolds's form § 2255

motion leaves his petition as having been filed with virtually no facts in support of his stated grounds for relief. But that is a consequence of Reynolds's own making (ie., his refusal to file a compliant supporting brief despite multiple opportunities to do so). And this Court expressly warned Reynolds that if he failed to file a supporting brief in compliance with this Court's orders that would result in him being left with his form § 2255 motion as his habeas petition.

In that form § 2255 motion, Reynolds asserts four separate grounds for relief. The first and second grounds for relief involve allegations of prosecutorial misconduct. The third and fourth grounds for relief allege ineffective assistance of Reynolds's trial counsel.

The standard form that Reynolds used for his § 2255 motion has a section, following each ground for relief, that states: "Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.)"

### A. Prosecutorial Misconduct Claims

As his first ground for relief under § 2255, Reynolds asserts that his right to due process was violated where the "prosecution knowingly presented false testimony." As to this first ground for relief, Reynolds listed the following as the facts that support this ground for relief:

> On April 7, 2011, FBI Special Agent Ryan Blanton, acting undercover, downloaded 32 image filed from what was purportedly Donald Reynolds ("Reynolds") computer, which reportedly was a Hewlett Pacard [sic] Desktop model 7480n, with series number MXF6110ghD. See Government's Exhibit GDE7. S/A Blanton used a peer-to-peer file sharing program to execute this investigatory session. (Tr. 1844-1845; Doc. 132). Twenty-five of the images S/A Blanton downloaded were reportedly child pornography, which depicted prepubescent girls, without clothing, in sexually suggestive poses, with their genitalia exposed. (Id. @ 1878, 1880, 1882; Doc. 133; Tr. 2087-2089). The other seven images S/A Blanton downloaded were child erotica. (Doc. 133; Tr. 2087-2089). Based on this information, S/A Blanton concluded that the IP address 99.9.118.171, was assigned to 43703 Yorktown Street, Canton, Michigan 48188. (Doc. # 2, PID #4). This resident and the related Internet Account was registered to Mr. Reynolds. Id. S/A Blanton obtained a search warrant which on

> May 26, 2011, was executed and the computer mentioned above was seized.
> (Doc. 132; Tr. 1893). At that time, Blanton determined that the computer seized
> was the same one from which he downloaded child pornography on April 7, 2011.
> (*Id*. @ 1933; (Doc. 133; Tr. 2087). Importantly Reynold lived in the house with
> his two adult children, Arica and Andrew Reynolds ("hereinafter Arica and
> Andrew), and there was also Arica's boyfriend, Michael Cook ("Cook"), who
> occasionally stayed in the home. (Doc. 132, Tr. 1889, 1896). Reynolds
> acknowledged that the desktop computer belonged to him; however, Andrew,
> Arica, and Cook, also had access to the computer. (continued in Addendum).

(Petition, ECF No. 199, at 5). The paragraph above does not include any facts pertaining to the

prosecution having presented any false testimony at trial. And Reynolds's "addendum," his 76-

page supporting brief, was stricken by this Court and Reynolds failed to file a compliant brief in

its place despite being given the opportunity to do so. As such, Reynolds's petition does not

include any facts that would support his claim that the Government knowingly presenting false

testimony at trial.

As his second ground for relief under § 2255, Reynolds asserts that his right to due

process was violated where the "prosecutor's comments on facts not in evidence coupled with

the misrepresentation of the evidence deprived him of a fair trial." As to this ground, Reynolds

did not include any facts that support this ground for relief. (Petition at 6). Rather, he stated he

was incorporating the "aforementioned facts from Ground 1" and stated that "he will also state

additional facts as needed his arguments." The remaining section for the "facts" that support this

ground for relief consists of statements regarding the appropriate standard of review and

statements of law. Thus, there are no facts included in the petition that would entitle Reynolds to

relief on this ground for relief.

Accordingly, there are no facts alleged in the petition which would tend to show any

prosecutorial misconduct during trial. *Green, supra; O'Malley, supra.*

**B.      Ineffective Assistance Of Counsel Claims**

As his third and fourth grounds for relief under § 2255, Reynolds asserts that he was denied a fair trial, because his trial counsel: 1) rendered ineffective assistance of counsel by "failing to adequately investigate the law and facts of the case to prepare a viable defense;" and 2) "abandoned his loyalty to Reynolds, and entirely failed to subject the Government's case to meaningful adversarial testing."

Again, the standard form that Reynolds used for his § 2255 motion has a section, following each ground for relief, that states: "Supporting facts (do not argue or cite law.  Just state the specific facts that support your claim.)"   But the supporting-facts sections for grounds three and four do not state any facts in supports of grounds three and four.  Rather, in those section, Reynolds "incorporates" the facts as to grounds one and two, then includes legal citations and statements of law – without reference to any facts that could support either of these grounds.  Reynolds then states that the facts supporting those grounds for relief will be continued in his "addendum," which was stricken by this Court and without Reynolds having filed a compliant brief in its place.  (Petition at 7 & 9).

Accordingly, there are no facts alleged in the § 2255 petition which would tend to show that counsel was ineffective or that he did not adequately represent Reynolds at trial.  *Green, supra; O'Malley, supra.*[2]

---

[2]Moreover, while the result was not what Reynolds desired, as the district court judge that presided over the trial, this Court finds Reynolds's assertion that his retained counsel failed to prepare a viable defense, and failed to subject the Government's case to meaningful adversarial testing, to be without merit.  Mr. Freeman presented a vigorous defense on Reynolds's behalf at trial, extensively cross-examined witnesses, and offered an alternative theory of the case.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Reynolds' Motion for Expansion of Record (ECF No. 224), his motion seeking leave to take discovery (ECF No. 225), and his motion seeking reconsideration of this Court's order striking his unauthorized filings (ECF No. 226) are DENIED.

IT IS FURTHER ORDERED that Reynolds's habeas petition filed under 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that this Court DECLINES to issue a certificate of appealability because it concludes that reasonable jurists would not find the Court's assessment of Reynolds's petition debatable or wrong.[3]

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
Dated: January 14, 2020          United States District Judge

---

[3]A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fᴇᴅ. R. Aᴘᴘ. P. 22(b). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).