UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                  Civil Case No. 18-13104
v.                                  Criminal Case No. 12-20843

Donald Steven Reynolds,          Sean F. Cox
                                            United States District Court Judge

    Defendant/Petitioner.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE COURT'S
JUDGMENT AND RELATED MOTIONS**

Defendant/Petitioner Donald Steven Reynolds ("Reynolds") was convicted of child pornography offenses following a jury trial. His conviction and sentence were affirmed on direct appeal, as was this Court's denial of Reynolds's post-appeal motion seeking a new trial.

The matter more recently came before this Court on Reynolds's *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

In an Opinion and Order issued on January 14, 2020, this Court denied Reynolds's § 2255 motion and issued a judgment that same day. Thereafter, Defendant filed a Motion to Alter or Amend the Court's Judgment (ECF No. 231), a motion seeking to correct an alleged error in a docket summary (ECF No. 232), and motions seeking a ruling on his pending motion (ECF Nos. 234, 235, 236).[1] For the reasons set forth below, the Court shall DENY all of these motions

---

[1] Defendant also filed a Petition for a Writ of Mandamus with the United States Court of Appeals for the Sixth Circuit but later voluntarily dismissed it. (*See* ECF Nos. 237, 238 & 239).

pending before this Court.

## BACKGROUND

The government charged Reynolds with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(2); one count of distribution of child pornography based on sharing files with Agent Blanton on April 7, 2011, in violation of the same statute; and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(5)(B).

Reynolds proceeded to a jury trial. The jury ultimately convicted Reynolds on all three counts. This Court applied a sentence enhancement under the advisory guidelines for possession of over 600 child-pornography images and sentenced Reynolds to 144 months of imprisonment. This Court also ordered Reynolds to pay restitution to two identified child-pornography victims.

Reynolds filed a direct appeal, arguing that this Court erred in 1) admitting expert testimony at trial based on historical cell-site data; 2) permitting the government to call a rebuttal witness; 3) excluding two alibi witnesses; 4) imposing a sentence enhancement; and 5) calculating the amount in restitution. The United States Court of Appeals for the Sixth Circuit rejected all of those arguments and affirmed. *United States v. Reynolds*, 626 F. App'x 610, 612-13 (6th Cir. 2015). Reynolds filed a petition for a writ of certiorari with the United States Supreme Court.

On July 6, 2016, Reynolds filed a *pro se* Motion for New Trial, based on newly discovered evidence. (ECF No. 178). He also requested that this Court hold that motion in abeyance while he continues to search for new evidence that could support a motion for a new trial and filed a motion seeking grand jury transcripts. This Court denied that motion, and the related requests, in an Opinion and Order issued on September 2, 2016. (ECF No. 183). After

this Court denied an untimely request to file a reply brief, Reynolds filed several reply briefs in violation of the Court's order, that were stricken by this Court.

Reynolds appealed those rulings. The United States Court of Appeals for the Sixth Circuit affirmed all of this Court's rulings. *United States v. Reynolds*, Case No. 16-2466 (6th Cir. June 28, 2017) (ECF No. 196). Among other things, the Sixth Circuit noted that this Court acted within its discretion when it "denied Reynolds's untimely motion to extend the time to file a reply brief and struck the reply briefs that Reynolds filed in violation of that order. *See United States v. Galaviz*, 645 F.3d 347, 363 (6th Cir. 2011)." *Id.* at 3.

On October 3, 2017, the United States Supreme Court issued an order denying Reynolds's petition for a writ of certiorari as to his direct appeal (Case No. 14-1420). (ECF No. 198).

On September 28, 2018, Reynolds filed a form "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (ECF No. 199 at Page ID 3890-3900) wherein he asserted four grounds for relief. (ECF No. 199 at Page ID 3890-3900). Along with his form § 2255 Motion, Reynolds filed a supporting brief, that he titled "Addendum to 2255 Motion,' that consisted of seventy-six typewritten pages, with 12-point font.

Rule 4 of the Rules Governing Section 2255 Proceedings provides that when a § 2255 motion is filed, it is assigned to the judge who conducted the trial and imposed sentence. Thus, Reynolds's § 2255 Motion was assigned to this Court. After a preliminary review of the motion, the district court may dismiss the motion if it plainly appears that the moving party is not entitled to relief. This Court did not dismiss Reynolds's § 2255 motion after its initial review.

Rule 4(b) further provides that "[i]f the motion is not dismissed, the judge must order the

United States attorney to file *an answer, motion, or other response* within a fixed time." Rule 4(b) of Rules Governing Section 2255 Proceedings. (emphasis added). Here, the Government was required to file its answer, motion, or other response to Reynolds's § 2255 Motion no later than December 4, 2018.

In response to the Court's order, on *December 3, 2018,* the Government filed a *"Motion to Strike"* Reynolds's § 2255 Motion. (ECF No. 203). In it, the Government asked the Court to strike Reynolds's over-sized brief and order him to file a brief of no more than twenty-five pages in length, in compliance with the applicable local rules.

Pursuant to *Martinez v. United States*, 865 F.3d 842 (6th Cir. 2017) and Local Rule 7.1, this Court granted that motion in an order issued on January 15, 2019. This Court ordered, in pertinent part, that:

> 2) No later than **March 15, 2019**, in support of the four grounds for relief set forth in his pending form § 2255 motion, Reynolds may file either:
>
>    A) A brief of no more than twenty-five (25) pages, doubled-spaced, with 14-point font; or
>
>    B) A brief of no more than twenty (20) pages, doubled-spaced, with 12-point font.[2]

(ECF No. 207) (bolding in original).

Rather than comply with the Court's straightforward order and file a brief in compliance with the page limitations, over the course of several months, Reynolds continued to insist that he be allowed to file his 76-page brief.

On February 8, 2019, Reynolds filed a Motion for Reconsideration. (ECF No. 208). In

---

[2]The Court is giving Reynolds this option as a courtesy, in the event the typewriter he has access to does not have 14-point font.

that motion, Reynolds asked this Court to reconsider its ruling on the Government's Motion to Strike and allow him to proceed with his over-sized § 2255 brief.  Reynolds further asserted that while his form § 2255 motion only contained the four grounds for relief noted in this Court's order, his brief (that was stricken) raised two additional issues: 1) that he "is entitled to resentencing where counsel rendered ineffective assistance at the sentencing stage of the proceedings;" and 2) the "restitution judgment is infirm and must be vacated as a matter of law." (ECF No. 208 at PageID 4068).

After considering that Motion for Reconsideration, this Court **"DENIE[D] WITH PREJUDICE** Reynolds's request to allow him to proceed with his over-sized brief." (ECF No. 209) (bolding in original). Nevertheless, in an effort to accommodate Reynolds, the Court further ordered that "If Reynolds wishes to include the two additional issues set forth above, he may do so in his brief.  But **Reynolds's must file a brief in accordance with the page limitations set forth in this Court's January 15, 2019 Order."**  (ECF No. 209) (bolding in original).

On February 26, 2019, Reynolds filed a motion seeking reconsideration of this Court's order denying his February 8, 2019 Motion for Reconsideration.  (ECF No. 210).  This Court denied that motion, stating:

> The Court hereby **DENIES** this motion for lack of merit.  **The Court's February 12, 2019 Order Denying Reynolds's Motion for Reconsideration (ECF No. 209) stands as written.  Petitioner is advised that the Court will not consider any additional motions seeking reconsideration of the Court's rulings on the length of Petitioner's brief.**
> In addition, to the extent that Reynolds's February 26, 2019 motion asks this Court to "certify the matter for interlocutory appeal to the Sixth Circuit Court of Appeals," that request is also **DENIED**.
> **IT IS SO ORDERED.**

(ECF No. 211).

Thereafter, Reynolds filed a Notice of Appeal, purporting to appeal this Court's orders on his motions for reconsideration. (ECF No. 212). On April 23, 2019, the Sixth Circuit issued an Order dismissing that appeal for lack of jurisdiction. (ECF No. 214).

As of May 21, 2019, Reynolds still had not filed a page-compliant brief in support of his § 2255 motion. Attempting to give Reynolds one last chance to file a compliant brief, this Court issued an Order on that date stating:

> To date, Reynolds has not filed a supporting brief in compliance with this Court's orders. **The Court hereby ORDERS that Reynolds must do so no later than June 6, 2019.** If Reynolds fails to do so, the Court will order the Government to file a response based upon Reynolds's form § 2255 motion. **Reynolds is further advised that the Court will not entertain any additional motions seeking an extension of time for filing his brief, or any motions seeking to file an over-sized brief.**
> **IT IS SO ORDERED.**

(ECF No. 215) (bolding in original).

After the extended deadline of June 6, 2019 passed without Reynolds filing a compliant brief, on August 30, 2019, this Court ordered, in pertinent part, as follows:

> Reynolds has not filed a supporting brief in compliance with the Court's orders and the time for doing so has long since passed. Accordingly, given that this Court struck Reynolds's over-sized brief, and Reynolds chose not to file a compliant supporting brief, this Court now **ORDERS** as follows:
>
> 1) No later than **October 15, 2019**, the Government shall file a brief **responding to Reynolds's form § 2255 motion**. That brief must be no more than twenty-five (25) pages, doubled-spaced, with 14-point font;

(ECF No. 216) (bolding in original).

The Government filed a timely and compliant brief opposing the relief requested by Reynolds.

In violation of this Court's orders, and without seeking leave to do so, in September and

6

October of 2019, Reynolds filed "amended" § 2255 motions, that raised the same grounds for relief as stated in Reynold's original motion. Those filings were blatant attempts to circumvent this Court's orders regarding briefing. This Court struck those filings and denied Reynolds's motion asking the Court to take judicial notice of his right to file those submissions.

In November and December of 2019, Reynolds filed three more motions: 1) a Motion for Expansion of Record (ECF No. 224) wherein Reynolds asks the Court to consider all of the exhibits to his already-stricken filings; 2) a motion seeking leave to take discovery (ECF No. 225); and 3) a motion seeking reconsideration of this Court's order striking Reynolds's unauthorized filings (ECF No. 226).

In an Opinion and Order issued on January 14, 2020, this Court denied Reynolds's § 2255 motion and his other pending motions. (*See* ECF No. 229).

Thereafter, Reynolds filed the following motions: 1) a "Motion To Alter or Amend the Court's Judgment" (ECF No. 231), brought under Fed. R. Civ. P. 59(e); 2) a "Motion To Correct An Error In The Court's Docket Summary" (ECF No. 232); 3) and three motions asking the Court to rule on his pending Motion to Alter or Amend the Judgment. (ECF Nos. 234, 235 & 236).

## ANALYSIS

**I.     The Court Denies Reynolds's Motion To Alter Or Amend The Judgment.**

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

7

Here, Reynolds asks this Court to "alter or amend its order and opinion to correct a clear error of law and/or to prevent a manifest injustice." (ECF No. 231 at 1). Reynolds contends that he was not required to seek leave of this Court in order to file amended § 2255 Motions in September and October of 2019. He contends that, pursuant to Fed. R. Civ. P. 15(a)(1)(B), he was entitled to file amended § 2255 Motions "as of right" at that time.

The Court disagrees.

28 U.S.C. § 2242 states that applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. The rule provides that a party "may amend its pleading once as a matter of course within: (A) "21 days after serving it, or" (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12*(b), (e), *or (f)*, *whichever is earlier*." (emphasis added). Fed. R. Civ. P. 12(f) governs *motions to strike*.

Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Reynolds filed his § 2255 Motion on September 28, 2018. Reynolds did not file an amended § 2255 Motion within 21 days after his original motion was served on the Government.

Pursuant to Rule 4(b) of Rules Governing Section 2255 Proceedings and this Court's order, the Government was required to file its answer, motion, or other response to Reynolds's § 2255 Motion no later than December 4, 2018. On December 3, 2018, the Government filed a "Motion To Strike." (ECF No. 203). This means that, pursuant to Fed. R. Civ. P. 15(a)(1)(B),

8

Reynolds had 21 days from December 3, 2018 (*ie,* until December 24, 2018) to file an amended § 2255 Motion as of right.  Reynolds did not do so.

Rather, Reynolds waited until September of 2019 before filing an Amended § 2255 Motion.  In order to file an amended § 2255 Motion at that time, Rule 15(a)(2) required either the opposing party's consent or leave of this Court.  The Government did not consent to Reynolds filing an Amended 2255 Motion.  And Reynolds did not seek, and this Court did not grant, leave of Court for Reynolds to file an Amended § 2255 Motion in September or October of 2019.

Moreover, as explained in several of this Court's opinions and orders, Reynolds did not file those submissions to assert new or amended claims. Rather, he filed those submissions in an attempt to circumvent this Court's orders regarding the briefing schedule and page limitations.

**II.     The Court Denies Reynolds' Motion Concerning Alleged Docketing Error.**

Also pending before this Court is Defendant's "Motion To Correct An Error In The Court's Docket Summary."  (ECF No. 232).  In this motion , Reynolds asks the Court "to enter an order correcting the docket to show Reynolds Reply (ECF 228) was regarding (ECF 220), not (ECF 203)."  (*Id*. at 2).

The docket entry linking ECF No. 228 (Reynolds's Reply Brief) to ECF No. 203 (his § 2255 motion) was not in error, as the brief pertained to that motion. Moreover, the linking of the brief to the motion and/or the response brief does not impact the decision on the motion in any way.

Accordingly, this motion is denied as there is no error to correct.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Reynolds's Motion To Alter Or Amend The Judgment is DENIED.

IT IS FURTHER ORDERED that Reynolds's Motion To Correct Error is DENIED as there is no docketing error to correct.

IT IS FURTHER ORDERED that Reynolds's remaining motions, seeking a ruling on his pending motions, are DENIED AS MOOT as this Court has now addressed all pending motions.

IT IS SO ORDERED.

                                                        s/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: November 16, 2020