# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: October 01, 2021

Mr. Donald Steven Reynolds
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Re: Case No. 21-1111, *Donald Reynolds v. USA*
Originating Case No. : 2:12-cr-20843-1 : 2:18-cv-13104

Dear Mr. Reynolds,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Julie Connor for
Robin Baker, Case Manager
Direct Dial No. 513-564-7014

cc: Ms. Kinikia D. Essix
    Mr. Matthew A. Roth
    Ms. Sara D. Woodward

Enclosure

No mandate to issue

No. 21-1111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DONALD STEVEN REYNOLDS, | ) | **FILED** |
|  | ) | Oct 01, 2021 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent-Appellee. | ) |  |

Before: BATCHELDER, Circuit Judge.

Donald Steven Reynolds, a pro se federal prisoner, appeals a district court judgment denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He seeks a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1)-(2).

In April 2011, an undercover agent of the Federal Bureau of Investigation downloaded child-pornography images from another computer. The FBI then traced that computer's internet-protocol address to Reynolds's home in Michigan. FBI agents executed a search warrant and seized the computer. Over 8000 child-pornography images were found on it.

A jury convicted Reynolds of receipt, possession, and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). The district court sentenced him to 144 months in prison and ordered him to pay a total of $26,500 in restitution to two identified child-pornography victims. We affirmed his convictions and sentences on direct appeal. *United States v. Reynolds*, 626 F. App'x 610 (6th Cir. 2015), *cert. denied*, 138 S. Ct. 65 (2017).

Reynolds filed his pro se § 2255 motion on September 28, 2018. He raised four claims in the body of the motion: (1) The prosecution knowingly presented false testimony; (2) the prosecutor committed misconduct by misrepresenting evidence and commenting on facts not in evidence; (3) trial counsel rendered ineffective assistance by failing to adequately investigate the

law and facts of the case; and (4) trial counsel abandoned his loyalty to Reynolds and entirely failed to subject the government's case to meaningful adversarial testing. Reynolds later pointed out that two more claims were raised in the supporting brief: (5) trial counsel was ineffective at sentencing; and (6) the restitution judgment is infirm and must be vacated as a matter of law.

The motion itself was 12 pages long, but the brief in support was 76 pages, doubled-spaced, with 12-point font. The local rule limited the brief supporting a motion to 25 pages. E.D. Mich. LR 7.1(d)(3)(A). The Government moved to strike the § 2255 motion as overlong. Citing *Martinez v. United States*, 865 F.3d 842 (6th Cir. 2017), the district court struck the supporting brief on January 15, 2019. The court gave Reynolds until March 15, 2019, to file a replacement supporting brief, to be no more than 25 pages, doubled-spaced, with 14-point font. If the typewriter he had access to did not have 14-point font, the court as a courtesy gave him the option of filing a 20-page brief, doubled-spaced, with 12-point font.

Reynolds moved for reconsideration and pointed out that, although his form § 2255 motion only contained four claims, the supporting brief added two more claims. The district court denied the motion with prejudice. The court informed Reynolds that, if he wished to add two more issues, he could do so in his brief, but that brief was to be in accordance with the page limitations the district court had already set out.

Reynolds again moved for reconsideration. Denying it, the district court advised him that the court would not consider any more motions seeking reconsideration of its rulings on the length of his brief. Although he received this order before the March 15th deadline, he did not file the replacement brief. Instead, he filed an appeal, which this court dismissed for lack of jurisdiction.

Aware that this court had dismissed the appeal, the district court on May 21, 2019, filed an order that in effect granted Reynolds an extension. He had to file the replacement brief by June 14, 2019. The district court added a warning:

> If Reynolds fails to do so, the Court will order the Government to file a response based upon Reynolds's form § 2255 motion. **Reynolds is further advised that the Court will not entertain any additional motions seeking an extension of time for filing his brief, or any motions seeking to file an over-sized brief.**

But Reynolds did not file the replacement brief.  On August 30, 2019, the district court issued this order: "[G]iven that this Court struck Reynolds's over-sized brief, and Reynolds chose not to file a compliant supporting brief," the Government was to file a brief by October 15, 2019 responding only to Reynolds's form § 2255 motion.  Reynolds's reply to that was due December 2, 2019.

On September 23, 2019, Reynolds filed an amended § 2255 motion.  The district court struck it.  Noting that Reynolds had not even sought leave to file it, the district court wrote: "That 'amended' motion asserts that same claims asserted in Reynolds's original motion and the Court concludes that filing and attached supporting brief were filed to circumvent this Court's orders regarding the briefing of Reynolds's § 2255 motion."

The Government filed its response to the 12-page § 2255 motion on October 15, 2019. Reynolds then filed another amended § 2255 motion and a motion to take judicial notice of that amended § 2255 motion.  The district court concluded that this latest unauthorized § 2255 motion and supporting brief "were also filed to circumvent this Court's orders regarding Reynolds's brief in support of his § 2255 motion."  The district court denied the judicial-notice motion and struck the amended § 2255 motion.  Reynolds moved for reconsideration.  He also filed his reply to the Government's response to his § 2255 motion.  The district court denied reconsideration and the § 2255 motion and declined to issue a COA.  Reynolds moved to alter or amend the judgment. The district court denied the motion.  Reynolds timely appealed.

He applies for a COA on these issues:  (a) the district court abused its discretion by striking his supporting brief; (b) striking the second of his two amended § 2255 motions was improper; (c) the district court erred in denying the claims raised in the § 2255 motion; (d) the district court erred in not considering his reply to the Government's response to his § 2255 motion; (e) the district court erred in not considering his supporting exhibits; (f) the en banc court should rehear *Martinez*; (g) the district court gave the Government an unfair advantage by granting its motion to strike; (h) the district court abused its discretion by not conducting an evidentiary hearing, and (i) the district court judge should be recused on remand.

A COA shall issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied the § 2255 motion on the merits, the applicant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denied the motion on procedural grounds without reaching the movant's underlying constitutional claim, a COA should issue when the applicant shows that jurists of reason would find debatable (a) whether the motion states a valid claim of the denial of a constitutional right and (b) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reynolds fails to meet this standard.

*Striking the brief*. Reynolds argues that the district court abused its discretion by striking his supporting brief. Reasonable jurists could not debate the correctness of the district court's procedural ruling.

The local rule is not inconsistent with any provision of 28 U.S.C. § 2255. *Cf. Martinez*, 865 F.3d at 844 (upholding N.D. Ohio's page-limitation rule). Under circumstances comparable to those in Reynolds's case, this court upheld the district court's striking of Martinez's § 2255 motion. *See id.* at 843-44. The reasoning used there applies here. Reynolds was informed of the rule's requirements, warned that noncompliance would result in having the brief struck, and given more than one opportunity to bring it into compliance. *See id.* at 844. Striking it was undebatably proper.

Reynolds argues that the district court failed to consider whether the amount and complexity of the issues warranted granting leave to exceed the page limitation. But he presented that argument in his first motion for reconsideration. Judges are presumed to know and apply the law in making their decisions, *see Lambrix v. Singletary*, 520 U.S. 518, 532 n.4 (1997), and absent clear evidence to the contrary, to have properly discharged their official duties. *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926). Hence it must be presumed that, when rejecting

reconsideration, the district court judge did consider the amount and complexity of the issues presented. He just reached a conclusion Reynolds disagreed with.

Reynolds argues that striking the supporting brief violated the rule that a motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). In support, he cites *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002), and *Brown & Williamson*. *Anderson* is not published and, therefore, not binding. *See* 6 Cir. R. 32.1(b). That leaves *Brown & Williamson*. But as the quotation itself indicates, the rule is concerned with pleadings, not motions. The two are not the same. *Cf.* Fed. R. Civ. P. 7(a) *with* Fed. R. Civ. P. 7(b); *see also* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 667-68 (2d ed. 1995). More specifically, the rule is concerned with the striking of affirmative defenses from an answer. *See Brown & Williamson*, 201 F.2d at 821-22. The district court did not strike affirmative defenses from an answer.

*Striking the amended § 2255 motion*. Citing Fed. R. Civ. P. 15(a), Reynolds argues that striking the second of his two amended § 2255 motions was improper, presumably because it was filed within 21 days after service of the Government's response. That rule, however, is concerned with pleadings, not motions. Reasonable jurists could not debate the correctness of the district court's procedural ruling.

*Reynolds's claims*. Reynolds seeks a COA on the four claims raised in the § 2255 motion. But reasonable jurists could not disagree with the district court's resolution of those claims. It was Reynolds's responsibility to set forth *in his § 2255 motion* specific facts establishing his entitlement to relief. *See Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Once Reynolds chose not to file a timely replacement brief in support, that left him with only the statements made in the body of the form § 2255 motion itself. As the district court held, Reynolds did not there present facts that supported his claims.

Reynolds presents various other issues. Jurists of reason could not conclude that any of them are adequate to deserve encouragement to proceed further.

*The Reply*. Reynolds argues that the district court erred in not considering his reply to the Government's response to his § 2255 motion. But the motion had to allege facts entitling him to relief. As he failed at that first step, the reply was irrelevant.

*Exhibits*. Reynolds argues that the district court erred in not considering his supporting exhibits. The § 2255 motion never cited them. Hence they were irrelevant.

*Martinez*. Reynolds argues that the en banc court should rehear *Martinez*. He cannot call for rehearing of *Martinez*. He is not a party to that appeal. *See* Fed. R. App. P. 35(b).

*Giving the Government an unfair advantage*. Reynolds argues that the district court gave the Government an unfair advantage by granting its motion to strike. His theory is this: Once the district court had ordered the Government to respond to his § 2255 motion, the Government was required by Rule 5(b) of the Rules Governing § 2255 Proceedings to answer the allegations in his motion. Instead, the Government filed a motion to strike. By granting it, the district court allowed the Government to circumvent Rule 5(b). Reynolds is mistaken. The Government needed to know just what it was going to respond to. Hence the motion to strike impliedly contained a request for a continuance until that motion had been resolved. By granting it, the district court was also granting the Government a continuance. When later given a new deadline, the Government did file a response answering the allegations in Reynolds's § 2255 motion. Reasonable jurists could not argue this gave the Government an unfair advantage.

*Evidentiary hearing*. Reynolds argues that the district court abused its discretion by not conducting an evidentiary hearing. He is again mistaken. "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735. No hearing was called for.

*Recuse judge*. Reynolds argues that, on remand, the district court judge should be recused because the evidence reveals his lack of impartiality and objectivity in this case. Reasonable jurists could not deny that the evidence does not show that. In any event, there is no remand.

No. 21-1111
- 7 -

Reynolds has failed to make a substantial showing of the denial of a constitutional right. Accordingly, his application for a COA is **DENIED**.

                                  ENTERED BY ORDER OF THE COURT

                                  Deborah S. Hunt, Clerk